Louisville and Nashville Railroad Company v. Brantley's Adm'r.

---

CASE 47—PETITION ORDINARY—NOVEMBER 24.

## Louisville and Nashville Railroad Company v. Brantley's Adm'r.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

| | |
|---|---|
| 96 | 297 |
| 103 | 302 |

| | |
|---|---|
| 96 | 297 |
| e112 | 434 |

| | |
|---|---|
| 96 | 297 |
| 121 | 488 |
| e122 | 309 |

| | |
|---|---|
| 96 | 297 |
| e126 | 601 |

| | |
|---|---|
| 96 | 297 |
| 129 | 805 |

1. RIGHT OF FOREIGN ADMINISTRATOR TO SUE.—An administrator can not sue in a State other than that in which he was appointed, unless he is authorized to do so by statute of the State in which suit is brought.

2. SAME—WORD "DEBTS" CONSTRUED.—The statute of this State authorizing foreign administrators to sue for "debts" due the decedent, does not authorize a foreign administrator to prosecute an action for a tort.

3. SAME—SPECIAL DEMURRER.—Where a foreign administrator sues as such for a tort, objection to his maintaining the action is not waived by failure to file special demurrer, but may be reached by general demurrer. The objection is not for "want of legal capacity to sue" within the meaning of the Code.

4. MASTER AND SERVANT.—A servant may recover of the master for injuries resulting from the gross negligence of a fellow-servant of a higher grade, but he can not recover for ordinary negligence.

5. RIGHT TO JUDGMENT ON VERDICT.—In an action in which under the pleadings the plaintiff was entitled to recover only for gross negligence a verdict by the jury finding "the defendant guilty of ordinary negligence" and assessing the damages, did not entitle the plaintiff to judgment, although the court had instructed the jury that the plaintiff was entitled to recover upon proof of ordinary negligence, and

.298          KENTUCKY REPORTS.          [Vol. 96.

Louisville and Nashville Railroad Company v. Brantley's Adm'r.

there was no motion for new trial. The court can consider only the pleadings for the purpose of determining the sufficiency of the verdict to support the judgment. And if the instructions could be considered for any purpose, the court would have to take notice of and correct the error committed in telling the jury there could be a recovery for ordinary negligence.

6. SPECIAL VERDICTS were allowed at common law. And whether or not it is now proper for the jury to return a special finding, the jury did so in this case, and that finding not being sufficient to entitle plaintiff' to judgment, it was error to render judgment for him. Whether the finding authorized a judgment for defendant, it is not necessary to determine, as it would constitute no bar to a recovery by an administrator authorized to bring the action.

JOE McCARROLL FOR APPELLANT.

1. The plaintiff has no standing in court without exhibiting his letters testamentary. The record which he files with his petition fails to show his appointment as administrator, and for this reason the demurrer should have been sustained. (Caulfield v. Bullock, 18 B. M., 498; Gen. Statutes, chap. 39, art. 2, sec. 44.)

2. A foreign administrator has no right to come into this State and sue for personal injury to his decedent. He can sue only for " debts due" the decedent, which does not include a claim for unliquidated damages growing out of a personal injury. (Maysville Street Railroad and Transfer Co. v. Marion, 59 Fed. Rep , 91; 1 Williams on Executors (3d Am. Ed.,) 301; Gen. Statutes, chap. 39, art. 2, sec. 43; 3 Black. Comm , 154; Bouvier's Law Dictionary, Title, " Debt;" McElfresh v. Kirkendall, 36 Iowa, 226; Anderson's Law Dictionary; Connor's, adm'x v. Paul, 12 Bush, 145.)

3. There being no evidence filed with the petition in this case which the law will recognize as supporting plaintiff's right of action, a general demurrer will lie. (Murphy v. Estes, 6 Bush, 533; Wilson v. Sanders, 4 Ky. Law Rep., 613.)

 A general demurrer is also sufficient to reach the objection that the foreign administrator has no right to sue. (Marrett v. Babb's ex'or, 12 Ky. Law Rep., 653; s. c., 91 Ky., 88.)

4. The petition does not state a cause of action, because it shows such contributory negligence as to preclude a recovery. (L. & N. R. Co. v. Coniff's adm'r, 12 Ky. Law Rep., 545; L. & N. R. Co. v. Law, 14 Ky. Law Rep , 851.)

5. A jury has the inherent right to return a special verdict. (1 Coke on Littleton, 155 b (sec. 234); 2 Coke on Littleton, 227 b (sec. 366); 2 Coke on Littleton, 288 a (sec. 367); 9 Coke 11 b, Downman's case; Staunf. Pl., 165 a; Major Oneley's case, 2 Ld. Raym., 1494; Proffatt on Jury Trials, secs. 434, 439, 440; 3 Black. Comm. pp. 377, 378;

Louisville and Nashville Railroad Company v. Brantley's Adm'r.

Stephen on Pleading, 91 and 92; 1 Robinson's Practice, 373, 405, 478; 1 Arch. Prac , 189 (1st ed.)

6. The finding of the jury is not sufficient to authorize a judgment for plaintiff. (Greer v. L. & N. R. Co., 14 Ky. Law Rep., 877; L. & N. R. Co. v. Collins, 2 Duv., 114; L. & N. R. Co. v. Robinson, 4 Bush, 507; L. & N. R. Co. v. Filbern's, Adm'x, 6 Bush, 575; L. & N. R. Co. v. Moore, 83 Ky., 677; L. & N. R. Co. v. Coniff's Adm'r, 12 Ky. Law Rep., 545; L. & N. R. Co. v. Sheets, 11 Ky. Law Rep., 781.)

7. The verdict is in effect a finding that the negligence was not gross, and, therefore, defendant's motion for judgment on the verdict should have been sustained. (Imp. Fire Ins. Co. v. Kiernan, 83 Ky., 476.)

JOHN S. BAYS, W. A. CULLOP, JAMES BREATHITT AND EDWARD W. HINES FOR APPELLEE.

1. Failure to file *special* demurrer was a waiver of the objection that the foreign administrator had no right to sue in this State. Such an objection is for want of "legal capacity to sue," and can not be reached by general demurrer. (Civil Code, sec. 92; N. W. Mut. Ins. Co. v. Lowery, Adm'x, 14 Ky. Law Rep., 601; Warfield v. Gardner's Adm'r, 79 Ky., 586; Wilkins v. Ellett 108 U. S., 256; Moir v. Dodson, 14 Wis., 279.)

2. Even if the objection had been made it would not have availed any thing. The word "debts," as used in sec. 43, art. 2, chap. 29, Gen. Stat., embraces unliquidated demands. (Bouvier's Law Dictionary, Title "Debt;" New Haven Saw Mill Co. v. Fowler, 28 Conn., 103; Carver v. Braintree M'f'g Co., 2 Story, 432; Mill Dam Foundry v. Hovey, 21 Pick., 455; Smith v. Omans, 17 Wis., 395.)

3. As the only verdict the jury was directed to return was a general verdict, it is not to be presumed it was their intention to disregard the direction of the court and find a special verdict. Besides, since the repeal of the provisions of the Civil Code authorizing special verdicts, such a verdict is not allowable in any case. Therefore the verdict, if given effect at all, must be given effect as a general verdict. (Civil Code, sec. 327, amendment of May 15, 1886.)

4. Verdicts should be liberally construed, and if the point in issue can be concluded out of the finding, the court should work the verdict into form and make it serve. (Worley, &c., v. Isbell, 1 Bibb, 251; Pickett, &c., v. Richet, 2 Bibb, 178; Miller, &c., v. Shackelford, 4 Dana, 271.)

The jury were directed to find for plaintiff if they should find ordinary negligence, and, therefore, a finding of ordinary negligence is equivalent to a finding for plaintiff.

5. Even if the verdict be treated as a special verdict, still as the defendant by withdrawing his motion for a new trial has waived all objections to the instructions, they are to be taken as the law of this case,

and as they authorized a recovery by plaintiff upon proof of ordinary negligence, a finding of ordinary negligence authorized the court to render judgment for plaintiff.

6. In the absence of a bill of exceptions in a common law action the only question on appeal is the sufficiency of the pleadings to support the verdict. (Curran v. Taylor, &c., 13 Ky. Law Rep.. 750; L. & N. R. Co. v. Commonwealth *Idem*, 439; Cook v. Commonwealth, *Idem*, 702; L. & N. R. Co. v. Schweitzer's Adm'r, 14 Ky. Law Rep., 855.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Bluford B. Brantley, as the administrator of John L. Brantley, deceased, states, in substance, that the decedent departed this life in July of the year 1891; that he was appointed and qualified as the administrator of his estate by order of a court of competent jurisdiction in the State of Indiana, it being the State where the decedent resided at his death and where the plaintiff now resides. He then files what purports to be a copy of the letters of administration, &c. He further alleges that the decedent lost his life while in the service of the appellant, the Louisville and Nashville Railroad Company, and when in its employ as brakeman, running its trains between certain terminal points in this State; that he was seriously injured, his legs cut off, and he suffered for days great bodily and mental suffering, and for this suffering and loss of time he is seeking to recover. It is further alleged that the injury resulted from the *gross and willful* negligence of one of its employes, superior in authority to the decedent. There was a general demurrer to the petition and overruled.

An issue was then formed on the pleadings, and the case went to trial, with a verdict returned by the jury as follows: "We, the jury, find the defendant guilty

of *ordinary negligence*, and assess the damages at five thousand dollars.    Alex. Garland, one of the jury."

There is no bill of evidence in the record, and we have before us only the instructions given by the court and the reasons of the court for refusing to grant a new trial.

Only so much of the petition is given as presents, in our opinion, the question raised by the demurrer, as the specific facts alleged constitute a cause of action, if the appellee can maintain it; and the only question is, can a foreign administrator sue in this State for a personal injury to his intestate, committed in this State, as is alleged, by the negligence of the defendant, and if he can not sue, must the objection be taken advantage of by special demurrer, and if not, is the objection waived?

There was a general demurrer only, and it is urged that the provision of the Code requiring, where *the want of legal capacity to sue* appears on the face of the petition, the objection to be raised by a special demurrer, applies here.   We think such a view is an entire misconception of the law.   The doctrine is elementary that an action must be brought in the name of a party in interest, and at common law the legal right to sue must appear.   Where one has neither a legal or beneficial interest in the controversy, either in his own right or as the representative of another, and this appears on the face of the petition, the objection can be and is properly raised by a general demurrer.   His legal capacity to sue is not involved, but his right to maintain the action, either in his own right or as a personal representative.

The provision of the Code requiring a special demurrer to be filed, when the legal capacity to sue is wanting, has no application to a case like this. An infant has no legal capacity to sue, and must bring the action by his *prochein amy* or guardian, but having a legal or beneficial interest in the subject-matter of the action and the right of recovery, the defense will not be allowed to plead or demur generally, and then after a verdict or judgment take advantage of the infancy of the plaintiff or the want of legal capacity on the part of the plaintiff to sue.

It is in cases where the petition on its face discloses an interest in the subject-matter of the action, and also discloses a want of capacity to sue, that the question of a want of legal capacity arises; but where the petition shows that the party plaintiff is not interested in any way in the litigation, or in other words can maintain no such action, the objection can be made by a general demurrer.

The doctrine, I believe, is universal, that an administrator, appointed in a foreign State, can maintain no action in another State unless authorized by statute, and if there is no authority given the foreign administrator to sue here in such a case as the one presented, the general demurrer should have been sustained.

The appellant admits by his demurrer that the appellee qualified as the administrator of the decedent in the State of Indiana, and that all the facts alleged in the petition are true, and then the question arises, is the appellee, the foreign administrator, entitled to recover?

It is insisted that this court, in the case of Warfield

v. Gardner's Adm'r, reported in 79 Ky., 583, and in previous cases, has decided this question. That action was by the administrator of Gardner upon a note given by the appellant to his intestate. There was a general demurrer to the petition and overruled. It was averred in the petition that the appellees were appointed by an order of the Hardin County Court, administrators of the decedent, and had qualified as such. The court held that this was a substantial compliance with the Code, and all that was necessary for the appellees to allege as to their appointment, and the objection that the petition failed to state facts showing the County Court of Hardin had jurisdiction to appoint them administrators, involved their legal capacity to sue and must be taken advantage of by special demurrer, and as no special demurrer was filed, the objection as to the want of the averment failed. This is sound law and correct practice. It is conceded that where one can not sue by reason of some personal disability or want of capacity to sue, that under the Code the question must be raised by special demurrer or by a special plea.

Suppose the plaintiff had alleged his qualification as administrator and his appointment by the properly constituted authorities without alleging where he had qualified, and the defendant, instead of demurring to the defective petition, had pleaded, in bar of his recovery, that he had been appointed and qualified in a foreign State, would not the plea have been good, unless the statute was so construed as permitted a recovery by the foreign administrator for a mere tort? We think so. Nor would it be a bar to the recovery by one authorized to sue, but it would be a bar to an

action by the plaintiff as the representative of the decedent under his appointment from the State of Indiana. If a bar to the recovery by the foreign administrator upon the facts being proved, when pleaded, why, when those same facts appear in the petition, may not the defense demur generally when, from the plaintiff's own showing, he has no standing in court? The plaintiff must so connect himself with the subject-matter of the action as to show a right of recovery, either in his own right or the legally qualified representative of another, and when he fails to do so the petition is bad on demurrer. In Langdon v. Potter, 11 Mass., 315, a case very similar to the one before us, there was nothing in the declaration showing that administration had not been granted in the State of Massachusetts, and the legal inference, the court said, was that it had been so granted. The right of the plaintiff to prosecute the action was not questioned, and after several pleas to the merits the objection was, for the first time, raised, and the court said it was too late, but also said it was "a plea in disability of the plaintiffs, and did not touch the merits of the action;" and the court proceeded further to say: "We have no doubt the objection relied on in this case is pleadable in bar, and in the present stage of the action it must be so pleaded." In Fenwick v. Sears' Adm'r, 1 Cranch, 259, and in Dixon's Ex'rs v. Ramsey's Ex'rs, 3 Cranch, 319, a special plea in bar was sustained, and in Noonan v. Bradley, 9 Wall., 394, the Massachusetts case is referred to as settling the conflicting decisions, and yet it is held in that case a plea in bar is the proper

remedy.    Why the necessity of a plea in bar when the petition discloses what the plea must state?

The appellee sues as a foreign administrator and makes profert of his title, and as said in Noonan v. Bradley, 9 Wall., 394: . "It is only in virtue of his representative character that the plaintiff is entitled to the matters in controversy, and a plea which denies to him that character is, in its nature, a plea in bar to the action." Where the petition discloses a defense that defeats the action, such as a want of title, legal or equitable, or any other defense that can be pleaded in bar, except such defenses as are privileged and do not affect the cause of action, as infancy or limitation, a general demurrer will be sustained. In the case of Adams v. Terre-Tenants of Savage, 6 Mod., 134, the plaintiff recited in the proceeding the manner and place he had obtained letters of administration, which showed a want of jurisdiction, and the defendants pleaded alone to the merits. After verdict the defendants moved in arrest of judgment, because the administration committed to the plaintiff was void. The plaintiff insisted the plea to the merits was a waiver of the objection, and the Chief Justice remarked: "If the plaintiff had not set forth what kind of administration he claimed by, but only generally alleged himself administrator of the goods and chattels of the intestate, and the defendant had not put you upon showing it by craving oyer of the letters of administration, as he might have done, but pleaded over, that had been an admission of the plaintiff's having a right of suing as administrator as he had alleged.    *    *    *

Vol. 96—20.

And when you yourself affirm this to be your title, how can we intend you have another; for of your own showing this is your title, which is manifestly bad? And there is a vast difference where a title does not appear fully for the plaintiff, and the party will not controvert with him about that, * * * and where the plaintiff himself shows he has no title, for then the court has no room for intendment." The authority of the case cited, says the court, in Noonan v. Bradley, has never been doubted. If a non-suit was proper when the proof failed to show title, why is not a demurrer proper when the declaration shows the same state of fact?

The character of his title is set out in the petition, and the court will not assume that he has the authority to sue in this State. He is not known in our courts as an administrator, with an appointment and qualification only in the State of Indiana. There is no privity of representation appearing, and his right to sue in his individual name for a tort to the decedent, is as great as his right to sue by reason of his foreign appointment. In the case of Debolt v. Carter, reported in 31 Indiana, 355, the court in treating of the legal capacity to sue, says: "A demurrer for the want of legal capacity to sue has reference to some legal disability of the plaintiff, such as infancy, coverture, etc., and not to the fact that the complaint on its face fails to show a right of action in the plaintiff." (Devoss v. Gray, 22 Ohio State, 159; Winfield Town Co. v. Maris, 11 Kan., 147.)

A special demurrer is also required by the Code where there is a defect of parties plaintiff or defend-

ants, and yet it has been held that where plaintiffs unite in bringing a joint action, and the facts alleged show an absence of any joint liability, the defective pleading can be reached by a general demurrer upon the ground that it fails to state a joint cause of action. (Berkshire v. Shultz, 25 Ind., 523.)

This court held in Gossom v. Badgett, 6 Bush, 97, that in an action against two upon an alleged joint undertaking, a judgment against one upon proof that the contract was made alone with him can not be sustained. If the defect had appeared upon the face of the petition in Gossom v. Badgett it could have been reached by general demurrer, because it involved the right of recovery on an alleged joint undertaking when the contract was with one only.

The argument that the facts alleged constitute the cause of action without reference to the party bringing it, although in a representative capacity, is both illogical and fallacious. Facts stated connecting the plaintiff with the cause of action are as essential as any other fact necessary to make the complaint good. The plaintiff's interest or right to sue must appear. It is a matter of substance, and a special demurrer is only in the nature of a plea in abatement that gives a better writ, and saying to the plaintiff he may recover on the merits if he sues in a particular way.

Can the Indiana administrator bring this action? The only authority is found in section 43 of article 2 of chapter 39, General Statutes, which provides: "By giving bond with surety, resident of the county in which the action is brought, non-resident executors or administrators of persons who, at the

time of their death, were non-residents of this Commonwealth, may prosecute actions for the recovery of debts due to such decedents."

It can scarcely be contended that the language would embrace actions for a tort caused by negligence or intentional wrong.  While a liberal construction should be given this provision, and apply it to all contracts or obligations where the liability can be certainly fixed, it would be a strained construction to hold that the word *debts* embraced every character of action that a resident administrator could institute; for if such was the legislative intention, instead of confining the right to suits for debts, they would have said that when no resident administrator had qualified a foreign administrator should have the same right, upon executing bond, to bring all actions he could have instituted if he had qualified as such in this State.  The statute is, in effect, an inhibition of this right, and in departing from the common law doctrine recognizes the right of the foreign administrator to sue for debts by complying with the provisions of the statute.  The construction of this statute, or the right to sue given the foreign administrator, does not militate against the doctrine that the representative qualifying in the county or place of domicile of the deceased may receive or collect debts due the intestate in another State, for the reason that it is only his personal incapacity to sue that is involved, and not his title to the thing received, as held by the Supreme Court in Wilkins v. Ellett, 108 U. S., 256.  The mere right to recover for a tort is not and can not be regarded as assets to which the foreign administrator has title or the right to convert into a

debt by a judgment. This right is denied him by the statute. In the case of the Maysville Street Railway Company v. Marvin, 8 C. C. A., 21, 59 Fed. Rep., 91, appealed from this district (Kentucky) to the Circuit Court of Appeals, it was held by Mr. Justice Lurton, in a well considered opinion, that a general demurrer to a petition by a foreign administrator to recover for the death of his intestate, caused by the tort of the defendant, should have been sustained, and upon the ground there was no privity of representation—no cause of action in the plaintiff.

This court has also decided the identical question involved here. William Robb died at his domicile in the State of Massachusetts, leaving a will by which his executor was authorized to dispose of land in Jefferson county, Kentucky. The executor sold the land and brought an action to enforce the contract. There was a general demurrer to the petition, based on two grounds. First. The executor had no power to sell; second, if such a power existed, he could not, as executor, maintain the action without complying with the provisions of the ·statute. It was held by this court, through Mr. Justice Holt, that the power to sell existed, but the executor could not maintain the action because he had not complied with the statute, and for that reason the general demurrer should have been sustained, the court saying, after citing the statute : "His qualification in a sister State does not authorize him to administer the assets here, or act otherwise in our courts as such representative." (Marrett v. Babb's Ex'r, 91 Ky., 88.)

There is still another question raised by counsel

that requires a reversal of the judgment below. After a judgment had been entered on the verdict a motion for a new trial was made by the defense, that for some reason was afterwards withdrawn.

The court instructed the jury as to the measure of damages in the event the injury was caused by the gross negligence of the defendant; and also instructed the jury what to find if the defendant was guilty of ordinary neglect. The jury, therefore, had two dis- tinct issues presented by the instructions as to their finding. First. If gross neglect exist, you may find punitive damages. Second. If ordinary neglect, you will find only the actual damage sustained, and the jury, under the instructions, returned a finding for ordinary neglect. If the instructions are to be con- sidered, it is manifest the court below erred in instruct- ing the jury they could find damages for the injury caused by ordinary neglect, as this court has decided that where one employe enters into a service, such as that pertaining to railroad corporations, and is crip- pled by the negligence of another employe in the same service of a higher grade, in order to recover gross negligence must be alleged and shown, as the ordinary risks belonging to such an employment he assumes when entering the service. But it is said there is no bill of evidence, and the instructions alone being here they can not be considered, and the error committed being that of the court, it can not be corrected without a motion for a new trial.

If the instructions are here for the purpose of enabling this court to know that the court below committed the error, they must also be here for the

purpose of enabling the court to correct the error. It was held in Roberts v. Wolfe, 1 Dana, 156, that although the bill of evidence was not before the court, the instruction was erroneous under any state of case, and, therefore, the judgment was reversed. Here, however, there was no motion for a new trial, as there doubtless was in Roberts v. Wolfe, and the sole question is, were the verdict and judgment authorized by the pleadings? The appellant moved to set aside the judgment and render a judgment for the defendant.

If the plaintiff in this case, having alleged gross negligence, could recover for any less degree of neglect, then this verdict should stand, if otherwise proper, but as has already been stated, gross neglect must be shown before a recovery in this class of cases can be had.

The plaintiff must recover upon proof of the cause of action alleged in his petition, and in this case it is manifest that a recovery has been permitted, not upon the cause of action alleged, but for that degree of negligence for which no action could be maintained. If the verdict had read: "We of the jury find for the plaintiff five thousand dollars," and nothing more, then this court could not tell whether it was for the gross or ordinary neglect of the defendant, and in the absence of a bill of evidence would answer that the verdict was based on the cause of action alleged. Here, however, is a true verdict returned saying: "We of the jury find the defendant guilty *of ordinary negligence* and assess the damages at five thousand dollars." A motion then to set aside

the verdict or the judgment rendered upon it was proper, because it was not responsive to the cause of action alleged in the petition.

The pleadings no more authorized the verdict than a verdict for one species of property when the plaintiff in his petition claimed another and different kind of property. Suppose the jury had returned into court and said to the judge: "We find this defendant guilty of ordinary neglect; can we give to the plaintiff damages?" The response in writing would have been: You can not award damages for ordinary neglect.

This is, in substance, what the jury said to the court by their verdict—a verdict not sustained by the pleadings or authorized by law even if ordinary neglect had been alleged.

Special findings were had at the common law, and although none were asked in this case by either party, the jury of its own volition returned verdict for ordinary neglect. With the instructions therefore out of the case, and they have no place here, as there is no bill of exceptions, the finding of the jury is for that degree of neglect for which the law in this character of case will not permit a recovery. The degree of neglect causing the injury was for the jury and not the court to determine.

As to special verdicts at common law, see Stephen on Pleading, 91, 92; 1 Robinson on Practice, 373, 406; Proffatt on Jury Trials, 434, 439, 440.

It is maintained the jury had no right to return a special verdict. It was, nevertheless, returned, and no judgment should have been entered upon it. Whether

or not, under the state of case presented, the defendant is entitled to a verdict, is now immaterial, as it would constitute no bar to a recovery by a rightful administrator, or one entitled to bring the action.

The judgment is reversed, with directions to set aside the verdict and judgment, and sustain the demurrer to the petition.