CASE 78—PETITION **ORDINARY**—December 15.

# Hall's Adm'r v. L. & N. R. R. Co.

.APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. APPOINTMENT OF ADMINISTRATOR—COLLATERAL ATTACK.—The proceedings of a county court in matters of probate and administration are not conclusive as to the jurisdiction of the court, and such jurisdiction may be collaterally called in question where the proper averments are made; and it necessarily follows that where the pleading itself affirmatively shows facts which would deprive the county court of jurisdiction to grant administration, the question as to the want of jurisdiction in a county court may be raised by special demurrer.

2. ADMINISTRATORS OF NON-RESIDENTS—APPOINTMENT OF BY COUNTY COURT—JURISDICTION.—While the personal representative of a resident of Kentucky negligently killed in another State may bring suit in this State, and while such representative of a non-resident of Kentucky negligently killed in this State may be appointed in the county in which the injury occurred, the county courts of this State are not authorized to appoint in any county in this State through which a railroad might run, an administrator of a non-resident, negligently killed in another State, for the sole purpose of bringing suit in this State upon a cause of action created by the statutes of such foreign State, although our statutes show legislation of a kindred nature.

B. F. PROCTOR AND O'NEAL & PRYOR FOR APPELLANT.

1. Actions sounding in tort are distinctively transitory in their nature, and according to the well-known rule of common law, which is inforced in this State, governing the venue of transitory actions, that court has jurisdiction of the subject matter which obtains jurisdiction of the person. Watts v. Thomas, 2 Bibb, 258; Bruce's Administrator v. Cincinnati Railroad Co., 83 Ky., 174; Hansford v. Payne, 11 Bush, 380; Wintuska's Administrator v. L. & N. Railroad Co., 14 Ky. Law Rep., 597; Brown's Administrator v. L. & N. Railroad Co., 17 Ky. Law Rep., 145; L. & N. Railroad Co. v. Shivell's Administrator, 13 Ky. Law Rep., 902; Ill. Central R. R. Co. v. McDonald's Administrator, 13 Ky. Law Rep., 781; Goodlet's Administrator v. L. & N. Railroad Co., 122 U. S., 391.

2. Inasmuch as the defendant was a resident of Jefferson county, Ky.,

the debt which was owing to the estate of the deceased Hall because of his negligent killing, or because of the pain and suffering resulting from his injuries, was a debt due and owing in Jefferson county, Ky., and under secs. 4849 and 3894 of the Ky. Statutes, the county court of Jefferson county had the power to appoint an administrator. 44 Minn., 5; N. N. & M. V. R. R. Co. v. Densil's administrator, 91 Ky., 42; Hansford's Administrator v. Payne & Co., 11 Bush, 380.

LYTTLETON COOKE, FOR APPELLEE.

1. The petition shows upon its fact that appellant's intestate resided in Tennessee, was injured in Tennessee and died there, and had no property or effects in Kentucky, nor any debt or demand due or owing him in this State, and that the statute under which the alleged cause of action is set up is a Tennessee statute, and that the right of action given thereby is not the same or similar to any Kentucky statute; under such circumstances the county court of Jefferson county had no jurisdiction to appoint the administrator. Jacob's administrator v. L. & N. R. R. Co., 10 Bush, 271; Brown's Administrator v. L. & N. R. R. Co., 17 Ky. Law Rep., 145; Bruce's Administrator v. L. & N. R. R. Co., 83 Ky., 174; Wintuska's Administrator v. L. & N. R. R. Co., 14 Ky. Law Rep., 579; Hansford's Administrator v. Payne, 11 Bush, 380; Conner's Administrator v. Paul, 12 Bush, 144.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

Suit was brought by appellant as administrator of James Hall for damages for the negligent killing of its intestate in Sumner county, Tennessee, the petition being based upon a statute of that State giving a right of action for such killing, as well as for the pain and suffering endured before the intestate's death. A special demurrer to the petition as amended was sustained, the ground for the demurrer being stated to be because it appeared from the petition that the court had no jurisdiction, the petition showing affirmatively that plaintiff's intestate at the time of his death, and previous thereto, resided in Tennessee; that he died in Tennessee; that the negligence by which he lost his life occurred in Tennessee;

[31]

that the cause of action was given by a Tennessee statute, and no similar cause of action is given by any Kentucky statute; and, furthermore, that it appeared from the petition that the defendant was operating its railroad in Tennessee, and that the intestate left no assets in Kentucky to be administered. The second ground stated for the special demurrer is that it appeared from the petition that the intestate left a widow, and the statute giving the cause of action gave the right of action therefor to the widow, and that it did not appear that she had ever waived her right of action, or consented that the appellant should qualify as administrator, and that the Jefferson County Court had no power to appoint an administrator, as the intestate left no assets in Kentucky to be administered.

The first question presented is whether the judgment of the county court is conclusive in this proceeding as to its jurisdiction to appoint the administrator, or whether its action on that behalf can be collaterally attacked in the manner in which it has been attempted in this case.

In Jacob's Adm'r v. L. & N. R. R. Co., 10 Bush, 271, it was held that "the proceedings of the county court in matters of probate and administration are not conclusive as to the jurisdiction of the court because such jurisdiction may be collaterally called in question where the proper averments are made; but in such cases the onus is upon the party raising the issue to show that want of jurisdiction."

We are of opinion that, where the pleading itself affirmatively shows facts which would deprive the county court of jurisdiction to grant administration, the question of want of jurisdiction in the county court might be raised by special

demurrer, as has been done in this case.  For if want of
jurisdiction to appoint the administrator may be averred
and proved by the defense, it necessarily follows that if the
petition itself affirmatively shows such want of jurisdiction
the question may be raised by special demurrer, pointing
out the averments which take from the defense the burden
of proving the lack of jurisdiction.  This court has never,
so far as we are informed, held that a county court had
power to grant letters of administration upon a mere right
of action given by such a statute as the one under considera-
tion, where the decedent was not a resident of the State,
left no assets to be administered in this State, or the injury
had not been inflicted in this State.

In Bruce's Adm'r v. Cincinnati R. R. Co., 83 Ky., 174, the
intestate was, at the time of his death, a resident of this
State, and it was there held that his administrator appointed
in the county of his residence could bring an action in this
State upon a cause of action given by the statute of Tennes-
see, in which State he had been killed by the negligence of
the defendant company, the operation of that statute not
being by its terms or by fair construction restricted to that
State.  That case was followed by Wintuska's Adm'r v. L.
& N. R. R. Co., 14 Ky. Law Rep., 579.  In each of those
cases the county court had undoubted jurisdiction to appoint
the administrator, as the decedent had been a resident of
the county in which administration was granted.    (Ken-
tucky Statutes, sections 4849 and 3894.)

So in Brown's Adm'r v. L. & N. R. R. Co., 17 Ky. Law
Rep., 145, it was held that, though the decedent had been a
non-resident of this State, but had been killed in the State,

the statute which gave the right of action to the adminis-
trator necessarily implied a right to have an administrator
appointed by the local courts for that purpose alone, though
there might be no other necessity or right or authority for
such an appointment, and Judge Grace, delivering the opin-
ion, said: . . . "We deem the court of the county where
the injury was done, and where the man died, the proper
court to entertain such jurisdiction."

In the case of Shivell's Adm'x v. L. & N. R. R. Co., 13 Ky.
Law Rep., 902, no such question appears to have been made,
and we must assume that the administratrix in that case
was appointed in the county of her intestate's residence.

In the syllabus in the case of Illinois Central R. R. Co. v.
McDonald's Adm'r, 13 Ky. Law Rep., 781, nothing whatever
appears to show that the decedent was a non-resident of this
State. On the contrary, the presumption is, that as the syl-
labus recites that the administrator appointed in this State
was the proper person to bring the suit, the administrator
was properly appointed in the county of the intestate's resi-
dence, or in the county in which his estate was.

Nor do we consider it material that the defendant (appel-
lee), being a citizen of Kentucky, could have removed this
suit, if brought by a Tennessee administrator in a Tennessee
court, to the Federal Court. But while it has been settled
that the representative of a resident of Kentucky negligently
killed in another State may bring suit in Kentucky under
the statute of the foreign State, and that a representative
of a non-resident of Kentucky negligently killed in Ken-
tucky may be appointed in the county in which the injury
occurred, under authority of the necessary implication of the

statute  giving the right of action, in our opinion the doctrine has been extended as far as it should be, and we do not believe that it was intended to authorize the appointment in any county of this State, through which a railroad might run, of an administrator of a non-resident negligently killed in another State, for the sole purpose of bringing suit upon a cause of action created by the statute of such foreign State, although our statutes show legislation of a kindred nature.

It remains, therefore, to inquire whether the petition affirmatively shows that the Jefferson County Court had no jurisdiction. It does show that appellant's intestate was, at the time of his death, a resident of Tennessee; that the negligence and the injury occurred in Tennessee and that the cause of action sued upon was given by a statute of that State; but we are unable to find in either the petition or the amendments any averment that appellant's intestate had no estate in Jefferson county, or that there were no debts or demands owing to him there. This being so, we can not assume, upon a demurrer to the jurisdiction, that the county court had no jurisdiction to make the appointment. On the contrary, we must assume, in the absence of averment and proof to the contrary, that facts were made to appear to the county court authorizing the appointment to be made. The question should have been made by plea to the jurisdiction and not by demurrer. We are of opinion, therefore, that the demurrer to the jurisdiction should have been overruled, and the appellee required to plead.

For the reasons stated the judgment is reversed and the cause remanded, with directions to overrule the demurrer to the jurisdiction, and for further proceedings consistent with this opinion.