Case 105—Action to Recover Damages for the Death of Plaintiff's Intestate—May 16.

# Turner's Admx. v. Louisville & N. R. R. Co.

APPEAL FROM BOYLE CIRCUIT COURT.

Judgment for Defendant and Plaintiff Appeals.   Reversed.

Jurisdiction to Appoint Administrator—Venue of Action Determined by Residence of Administrator.

Held:   1. The mere fact that an action lies in this State to recover damages for the death of a person caused by the negligence of a railroad company in another State does not give jurisdiction to the county court of any county in this State through which the road runs to appoint an administrator of the decedent.

2. An administrator of a person who died a resident of another State may be appointed by the county court of any county in this State in which debts are owing the decedent.

3. Under Civil Code Practice, section 73, authorizing an action against a common carrier for an injury to a passenger, or to other person or his property, to be brought in the county in which "plaintiff" resides, if he reside in a county into which the carrier passes, an action against a railroad company to recover damages for the death of an employe may be brought by the administrator in the county in which he resides, if he reside in a county into which the railroad passes; he, and not his intestate, being the plaintiff in the action.

ROBERT HARDING AND J. W. RAWLINGS FOR APPELLANT.

John E. Turner, an employe of appellee, was on September 26, 1899, run over by appellee's freight train in its yard at Mt. Pleasant, Tenn., and died from injuries received in three weeks thereafter.

His death was caused by the failure of appellee to provide a reasonably safe place in its yards for him to work, and in consequence thereof, in the darkness of the night, he stepped into a hole and the train ran over him.

After the injury, and before his death, he and his wife shipped their household effects to Kentucky, with the intention of coming to Boyle county, but he died before starting to Kentucky. His wife and child at his death came on, in pursuance to the original intention, to Boyle county, and had his household effects also brought to Boyle county. At his death there was a debt and demand owing to him in Boyle county.

In December, 1899, his widow, Lena Turner, who then and has since lived in Boyle county, was appointed his administrator by the Boyle county court.

On January 5, 1900, she, as such administrator, brought this suit in the Boyle circuit court for the negligent killing of her husband in Tennessee, claiming the benefit of the Tennessee statute. On January 13, she took, upon notice, certain depositions in support of her claim, and appellee cross examined the witnesses, introducing new matter upon such cross examination, and seeking thereby to show in its own behalf, deceased to be guilty of contributory negligence, and entered exceptions to the relevancy of the testimony.

At the April term, 1900, of the Boyle circuit court, appellee filed its answer, the averments of which, we contend, raise only the question of the jurisdiction of the Boyle county court to appoint the administratrix, but, as construed by the lower court

Turner's Admx. v. Louisville & N. R. R. Co.

are broad enough to raise also the question of the jurisdiction of the Boyle circuit court to try the case. Upon hearing these questions, the court held that the county court had jurisdiction to make the appointment, but that the circuit court did not have jurisdiction to try the case.

We contend:

1. That the county court had jurisdiction to appoint appellant as administratrix, and appellee accepted as correct the ruling of the lower court upon that question by taking no exceptions to same.

2 If the averments of the answer are broad enough to raise the question of the jurisdiction of the Boyle circuit court, the law, under the facts, is well settled that said court had jurisdiction to try the case. Sherrill v. C. O. & S. W. R. R. Co., 89 Ky., 303, 304; Harper v. N. N. & M. V. R. R. Co., 90 Ky., 359, 362; Hall's Admr. v. L. & N. R. R. Co., 19 Ky. Law Rep., 1529; Civil Code Practice, sec. 73; Ky. Stats., sec. 3880.

C. R. McDOWELL, ATTORNEY FOR APPELLEE.

JOHN W. YERKES AND E. W. HINES OF COUNSEL.

We contend:

1. That the Boyle circuit court did not have jurisdiction over this cause of action.

2. That appellee by appearing and cross examining witnesses, in the taking of depositions, did not enter its appearance to the action in the Boyle circuit court.

3. Whilst we did fail to reserve an execption to the ruling of the court, as to the right of the Boyle county court to grant administration upon the estate of John E. Turner, we did except to the testimony of Lena E. Turner, administratrix, on whose testimony the ruling was made.

### AUTHORITIES CITED.

Civil Code, sec. 73 and 78; Ky. Stats., sec. 4849; C. O. & S. W. R. R. v. Heath's Admr., 87 Ky., 655; Harper v. N. N. & M. V. Co., 90 Ky., 363; Brown's Admr. v. L. & N. R. R. Co., 17 Ky. Law Rep., 146; Bruce's Admr. v. C. S. R. R., 83 Ky., 174; 14 L. R., 579; Sherrill's Admr. v. C. O. & S. W. R. R. Co., 89 Ky., 302.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

The appellant as the administratrix of John E. Turner, brought this action for damages for the death of Turner while engaged in the service of appellee. The injury and

death occurred in the state of Tennessee.    Appellant was appointed administratrix in the county court of Boyle county.    Appellee filed special plea to the jurisdiction of the court, questioning the authority of the Boyle county court to appoint an administrator, and also questioning the jurisdiction of the court under section 73, Civ. Code Prac.    Upon these questions the court, upon proof, adjudged that the Boyle County Court had jurisdiction to grant administration, because it was shown there were debts due decedent in Boyle county, but the court then decided it had no jurisdiction of the cause of action because of section 73, Civ. Code Prac.    This section reads: "Excepting the actions mentioned in section 75, an action against a common carrier, whether a corporation or not, upon a contract to carry property, must be brought in the county in which the defendant, or either of several deffendants, resides; or in which the contract is made, or in which the carrier agrees to deliver the property.    An action against such carrier for an injury to a passenger, or to other person or his property, must be brought in the county in which the defendant, or either of several defendants, resides; or in which the plaintiff or his property is injured; or in which he resides, if he reside in a county into which the carrier passes."    The court concluding it had no jurisdiction of the action, dismissed same for want of jurisdiction, and hence this appeal.

We are of opinion from the facts shown that there were debts due decedent by citizens of Boyle county, and therefore the county court therein had jurisdiction to appoint an administratrix.    The county court of Boyle county would not have jurisdiction to grant administration on decedent's estate for the sole purpose of instituting this suit, as was held in Hall's Adm'r v.Railroad Co. (19 Ky.L.R. 1529)

(43 S. W. 698), as he was not at his death, a resident of
Boyle county; but, being a resident of another State, and
there being shown to be demands due him from residents
of Boyle county, the county court could grant administra-
tion.    In this conclusion we concur with the trial court.
This action is in the name of Lena E. Turner, administra-
trix of John E. Turner.    She alleges, and the facts ap-
pear to be, that at the time of the institution of this ac-
tion she was a resident of Boyle county.    It is alleged
that at the time of his death John E. Turner was a resi-
dent citizen of Boyle county, and that his injury occurred
and death resulted in the State of Tennessee; but we are
of opinion that, as to the venue of the action, it is imma-
terial where decedent resided.    That question would af-
fect the administration, but not the venue of an action
by his administratrix under section 73 *supra*.    By this
section it is provided that an action against a common
carrier for injury to a passenger or other person must be
brought in the county in which the plaintiff resides, if he
reside in a county into which the carrier passes.    If,
then, the plaintiff in this action resides in Boyle county,
and the carrier passes through that county, the Boyle Cir-
cuit Court had jurisdiction.    It is perfectly plain, and is
well settled, that the plaintiff in this case is Lena E.
Turner.    This rule as to a plaintiff is well established
and is universal where questions of citizenship arise on
petitions for removal to the United States courts, and
other like questions.    John E. Turner is dead, and, of
course, is not a plaintiff; and so, to fix jurisdiction and
citizenship, the personal representative is always held to
be the plaintiff.    We are of opinion that it appears that
the plaintiff herein resided in Boyle county, and that un-

der section 73, *supra,* the court had jurisdiction of the action.    For the reason indicated, the judgment is reversed and cause remanded for further proceedings consistent herewith.