CASE 34.—ACTION BY THE ADMINISTRATOR OF HENRY C.
AUSTIN AGAINST THE PITTSBURG, CINCINNATI,
CHICAGO & ST. LOUIS RAILWAY CO. FOR DAM-
AGES FOR PERSONAL INJURIES.—March 14.

## Austin's Admr. v. Pittsburg, C. C. & St. L. Ry. Co.

Appeal from Jefferson Circuit Court, Common
Pleas Branch, First Division.

EMMET FIELD, Judge.

From a judgment overruling a demurrer to the
answer plaintiff appeals. Reversed.

Abatement and Revival—Death of Plaintiff—Personal Injuries—
Ky. Stats., 1903, sections 3894, 4849, provide that letters of
administration may be granted in the county where there is
any debt or demand owing to decedent; and section 10 pro-
vides that no right of action for personal injury shall cease
or die with the person injured, but that an action may be
brought or revived by the personal representative. Held, That
where a resident of Indiana suffered an injury in that State,
and sued to recover damages therefor in Kentucky, and died
pending the action, the action might be revived by his per-
sonal representative appointed in Kentucky, though Burns'
Ann. St. Ind., 1901, section 283, provides that a cause of
action arising out of an injury to the person dies with the
person of either party.

2. Same—Survival of Actions—Remedy—Common Law—State
Policy—This action was not for the death, but for the personal
injuries of the plaintiff, which is a cause of action allowed at
common law. Whether an action should survive to the per-
sonal or real representatives of the plaintiff, is a matter of
policy to be settled for itself by each State. It goes to the
remedy alone. Such remedies are not extra-territorial, and
are wholly within the control of the State where the suit is
pending. In this State the cause of action is permitted to
survive, and a revivor in the name of the personal representa-
tive of the decedent is allowed.

MATT O'DOHERTY and MORTON K. YONTS for appellant.

1. Our contention is that where one dies in this State having a claim for damages for a personal injury against another, such claim is a chose in action, and is such an estate as would entitle the county court of the county in which he died to grant letters of administration on his estate upon the idea that it was an estate in the meaning of Ky. Stats., sections 3894 and 4849, although he had "no known place of residence in this State," at the time of his death.

2. That whether a pending action for personal injuries may be revived upon the death of the party plaintiff is to be determined by the laws of the State where the action is brought, and is not affected by the fact that the injury occurred in another State.

3. That the right to have an action revived in the name of an administrator, which is secured by Civil Code, section, 500, and which applies to all actions whether brought by residents or non-residents of Kentucky carries with it the right to have an adminastrator appointed for such purpose in Kentucky; otherwise the right might be lost by limitation.

## AUTHORITIES CITED.

Ky. Stats., sections 3894, 4849; Civil Code, section 500; Missouri Pac. Ry. Co. v. Bradley, Am. Negligence Reports, Vol. 3, p. 244; B. & O. R. R. Co. v. Joy, Am. Negligence Reports, Vol. 5, p. 760; Brown's Admr. v. L. & N. R. R. Co., 97 Ky., 228; Young's Admr. v. L. & N. R. R. Co., Ky., decided November 17, 1905.

GIBSON, MARSHALL & GIBSON for appellee.

## POINTS AND AUTHORITIES.

Appellant's intestate, a resident of Indiana, instituted an action in the Jefferson Circuit Court against appellees, to recover damages for personal injury received in Indiana. Pending the action, he died in Indiana from other causes than the injury complained of. He left no estate in Kentucky.

1. The Jefferson county court had no jurisdiction to appoint an administrator of his estate, and such administrator had no right to revive and prosecute the pending action. (Sections 3894 and 4849, Kentucky Statutes; Singleton v. Cogar, 7 Dana., 494; Jacob's Admr. v. L. & N. R. R. Co., 10 Bush., 270; Thumb v. Gresham, 1

Austin's Admr. v. Pittsburg, C., C. & St. L. Ry. Co.

Met., 308; L. & N. R. R. Co. v. Brantley's Admr., 96 Ky., 308; Hall's Admr. v. L. & N. R. R. Co., 102 Ky., 484; Turner's Admr. v. L. & N. R. Co., 23 Ky. Law Rep., 340.

2. The jurisdiction of the county court may be attacked collaterally and the appointment shown to be void for want of jurisdiction in the court. Same authorities as above cited.

3. Under the statutes of Indiana, an action for personal injuries, not resulting in death, dies with the person injured. The statute being pleaded, presents a bar to the revivor and prosecution of the action in any other jurisdiction. (22 Am. & Eng. Ency. of Law, p. 1380, and cases cited.)

## ADDITIONAL POINTS BY APPELLEE.

1. It is the universal rule that in the prosecution of an action in one State, on a cause of action which accrued in another State, the lex fori is applied in all matters of remedy, the lex loci in all matters affecting the cause of action. (Story's Conflict of Laws, sections 556-558.)

2. Statutes which provide for the revivor of actions are purely remedial. Whether a cause of action survives is a question of right, not remedy, to be determined in all cases by the law of the place where the cause of action accrued. (Saunders v. L. & N. R. R. Co., 111 Fed. Rep., 708; Martin v. B. & O. R. R. Co., 151 U. S., 692; Schreiber v. Sharpless, 110 U. S., 78.)

3. Causes of action which die with the person under the law of the State where they accrue, cannot be made to survive by virtue of a statute of another State under which similar causes of actions survive. Such a statute is local, creates new causes of action, and cannot be given extra-teritorial force by applying it to causes of action accruing in other States. (Needham v. Grand Trunk R. R. Co., 38 Vt., 294; Crowley v. Panama R. R. Co., 30 Barb., 99; Whitford v. Panama R. R. Co., 3 Duer., 67; Beach v. Bay State Co., 30 Barb., 433; Davis v. N. Y. & H. R. R. Co., 28 A. & E. R. R. Cases 223; Strattons Independence v. Dines, 126 Fed. Rep., 968.)

4. The case of B. & O. R. R. Co. v. Joy, 173 U. S., 226, has been misunderstood and misapplied. It decided only that the action could be revived. It did not decide that the cause of action thereby survived. No such question was presented.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Henry C. Austin, a citizen of Indiana, was injured by being run over by an engine on appellee's railroad at a street crossing in Jeffersonville, Ind. He sued the appellee in this State to recover damages for the injury, which he charged was occasioned by the gross negligence of appellee's servants in charge of and operating the engine, by which the injury was inflicted upon him. Some while after his suit was filed he died, still a resident of Indiana. He owned no property in this State. An administrator was appointed over his estate by the Jefferson County Court of this State. The suit was revived in the name of the administrator. Appellee defended, denying the negligence charged, pleading contributory negligence, and, in addition, set out in the third paragraph of its answer that decedent at the time of his death was a citizen and resident of Jeffersonville, Ind., that he owned no estate of any kind in Kentucky, and had no debt owing to him in Kentucky. By the fourth paragraph of the answer it was pleaded that the injury sued for was done in Indiana, that the cause of the action arose under the laws of that State, and that it was provided by a statute of Indiana (Burns' Ann. St. 1901, section 283) that: "A cause of action, arising out of an injury to the person, dies with the person of either party, except in cases in which an action is given for an injury causing the death of any person, and actions for seduction, false imprisonment, and malicious prosecution." It was also pleaded in this paragraph that the injury inflicted upon decedent, and which is sued for in this action, did not cause his

death.    The circuit court overruled a demurrer to the third and fourth paragraphs of the answer, and, appellant being unable to controvert them, the petition was dismissed.

The court is of opinion that the demurrer should have been sustained to each of the paragraphs named. The statutes of this State (sections 3894, 4849, Ky. Stats. 1903) provide that letters of administration may be granted in this State by the county court of the county where decedent died, or where his estate, or part thereof, shall be, "or where there may be any debt, or demand owing him." Construing these sections, it has been held that where a non-resident has been killed in this State by the tort of another, administration will be granted upon his estate in this State, even for the sole purpose of suing to recover damages for the tort, because the statute which gives the right of action to the estate of such decedent for such death, ex necessitate rei, confers jurisdiction by implication, to appoint an administrator to prosecute the suit. Brown's Adm'r v. L. & N. R. R. Co., 97 Ky., 228, 17 Ky. L. R., 145, 30 S. W., 639. It has also been held that where a resident of this State is killed by the tort of another out of this State, administration may be granted upon his estate in this State. But it has been held also that where a nonresident of this State, is killed by the tort of another out of the State and who has not estate or property in this State, there cannot be administration granted upon his estate in this State.    Hall's Adm'r v. L. & N. R. R. Co., 102 Ky. 484, 19 Ky. Law Rep., 1529, 43 S. W. 698, 80 Am. St. Rep., 358; Turner's Adm'r v. L. & N. R. R. Co., 62 S. W. 1025, 23 Ky. Law Rep., 340. Section 3878, Ky. Stats. 1903, allows a non-resident

administrator to sue in this State, by giving bond here, to recover any debt due to his intestate. Construing this section, it was held in L. & N. R. R. Co. v. Brantley, 96 Ky. 297, 16 Ky. Law Rep., 691, 28 S. W. 477, 49 Am. St. Rep., 291, that the word "debt" did not include damages arising out of tort.

In view of the foregoing opinions, it may be taken as settled that administration for a decedent, who was a non-resident of Kentucky, and whose cause of action upon a tort accrued outside of Kentucky, could not be granted in Kentucky, where no action had been properly begun in this State by the decedent in his lifetime to recover for the injury. By section 10, Ky. Stats. 1903, it is provided: "No right of action for personal injury or injury to real or personal estate shall cease or die with the person injuring or injured, except actions for assault, slander, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury; but for any injury other than those excepted, an action may be brought or revived by the personal representative, or against the personal representative, heir or devisee, in the same manner as causes of action founded on contract." So, if an action is properly begun in this State which does not die with the death of the plaintiff, express authority is given by this section for it to be revived and prosecuted in the name of the personal representative of the decedent. We have seen that a non-resident personal representative cannot maintain the action (L. & N. R. R. Co. v. Brantley, supra), and if there is not jurisdiction to appoint a resident representative for the purpose, the positive permission of the statute would be a nullity, and the action would die, in spite

of the declaration of the statute that it should not.

It is contended by appellee that as the decedent's right of action accrued under the laws of Indiana, it is subject to whatever defense may have existed against it in Indiana. If the suit had been for a cause which was not actionable, except for the statute of Indiana making it so, it is likely that it would be subject to whatever conditions were imposed by the statute, and that it would be administered by the courts of this State, nothing appearing to show that it was against good morals to do so. But such is not the case. The action was not for death, but for personal injury of the plaintiff, a cause of action allowed at the common law. Whether an action should survive to the personal or real representatives of the plaintiff, is a matter of policy to be settled for itself by each State. It goes to the remedy alone, and does not really affect the cause of action as being actionable. Such remedies are not extraterritorial. Generally the remedy is governed by the law of the forum, and not by the lex loci. As the plaintiff's cause of action accrued to him not by the statute of Indiana, but under the common law, prevailing there as it does here, when he sued upon it in this State, whether upon his death before the termination of the suit, it would be allowed his personal representative to continue to prosecute it, affects the remedy only, and is a matter wholly within the control of the State where the suit is pending. B. & O. R. R. Co. v. Joy, 173 U. S. 226, 19 Sup. Ct. 387, 43 L. Ed. 677. In this State, as we have seen, the cause of action is permitted to survive, and a revivor in the name of the personal representative of the decedent is allowed.

Wherefore the judgment is reversed, and cause

remanded, with directions to sustain the demurrer to the third and fourth paragraphs of the answer.

Petition by appellee for rehearing overruled.