John A. BANKEMPER, Jr., Ancillary Administrator of the Estate of James A. Gilkey, James J. McAllister and Albert Joseph Damico, Deceased, Appellant,

v.

BOONE COUNTY AVIATION, INC., Appellee.

Court of Appeals of Kentucky.

Dec. 13, 1968.

C. Houston Ebert, Ebert, Moebus, Cook, Kirchhoff & Neisch, Newport, John S. Wirthlin, Cincinnati, Ohio, for appellant.

John J. O'Hara, O'Hara & Ruberg, Covington, for appellee.

OSBORNE, Judge.

Albert Joseph Damico, James A. Gilkey and James J. McAllister, all residents of Ohio, chartered a plane from the defend-ant, Boone County Aviation, Inc., a Kentucky corporation, to fly them to West Virginia. The plane crashed in West Virginia on July 13, 1965, and all three were killed. The decedents all died testate. An executor was duly appointed in Ohio and shortly thereafter John A. Bankemper, Jr., was appointed ancillary administrator for each of their estates in Boone County, Kentucky.

On July 8, 1966, the ancillary administrator filed suit in the Boone County Circuit Court for wrongful death under the West Virginia law, which vests such action in the decedents' personal representative. The Boone Circuit Court dismissed the action on the theory that administration should not have been granted upon the decedents' estates in Kentucky. In so doing, the trial judge relied on Austin's Adm'r v. Pittsburg, C., C. & St. L. R., 122 Ky. 304, 91 S.W. 742, 5 L.R.A.,N.S., 756; Turner's Adm'x v. Louisville & N. R. Co., 110 Ky. 879, 62 S.W. 1025, 23 Ky.Law Rep. 340; Hall's Adm'r v. Louisville & N. R. Co., 102 Ky. 480, 43 S.W. 698.

The question presented to this court upon this appeal is: In the case of a non-resident of this state who is killed in another state and who at the time of his death owns no property in this state may letters of administration be obtained in Kentucky for the singular purpose of maintaining a wrongful death action? The controlling statute KRS 394.140 provides that:

"Wills shall be proved before, and admitted to record by, the county court of the testator's residence; if he had no known place of residence in this state, and land is devised, then in the county where the land or part thereof lies; if no land is devised, then in the county where he died, or where his estate or part thereof is, or *where there is a debt or demand owing to him.*" (Emphasis added).

The simple question then is whether a cause of action under a wrongful death statute is a debt or demand ow-

ing the decedent located within the county. A tort being a transitory action, the right would be located wherever the wrongdoer was. Demand seems to be a rather vague word as used herein and has never been defined in this state in this context. A perusal of the definition in 12 Words & Phrases, pp. 1–26, indicates that it has been variously defined in other states. Among these definitions is that in State v. Vincent, 152 Or. 205, 52 P.2d 203, wherein it is said that demand and cause of action are synonymous. In view of the overall nature of this statute which seems to provide for the appointment of an administrator whenever one might be needed we believe that the part referring to debts or demands owing must encompass a cause of action for wrongful death.

However, we are not writing on a clean slate. This court reached the opposite result in 1897 in Hall's Adm'r v. Louisville & N. R. Co., supra, and subsequently reaffirmed it twice by way of dicta in Turner's Adm'r v. Louisville & N. R. Co., supra, (1901) and in Austin's Adm'r v. Pittsburg, C., C. & St. L. R., supra, (1906). We have examined these cases thoroughly and believe that they reach an untenable result.

The Hall case does not give any authority for reaching the contrary result, however, it seems to be based upon an earlier case, Louisville & N. R. Co., v. Brantley's Adm'r, 96 Ky. 297, 28 S.W. 477, 49 Am.St.Rep. 291 (1894), which found that a cause of action for wrongful death was not a debt under another statute (now KRS 395.170(1)) which provided that a foreign administrator could collect a debt owing the decedent by posting a bond. The result of the case has in effect been overruled. Service Lines, Inc. v. Mitchell, Ky., 419 S. W.2d 525, and cases cited therein.

The real reasoning of the Hall case is found in a policy reference substantiating the holding. In that case the decedent, a resident of Tennessee, was killed in Tennessee by the defendant railroad which was doing business in Tennessee. Suit could have much more readily been brought

in Tennessee. One can easily understand why the court was reluctant to allow such suits to be brought in Kentucky. However, under our above reasoning, we believe this decision is erroneous insofar as it is decided on the basis of jurisdiction to appoint an administrator rather than forums non-conveniens, which was the real question to be determined by the court.

For the above reasons, we hold that the administrator appointed in Kentucky could properly bring this action.

Judgment reversed.

All concur.