JUDGE PRYOR
delivered the opinion oe the court.
This is an action instituted by the personal representative of Stephen Spring, in which it is alleged that “ the plaintiff’s intestate lost his life by reason of the willful negligence and the wrongful and malicious act of the defendant; that the defendant did on the day of September, 1874, willfully, negligently, and maliciously, with a pistol, shoot and suddenly kill the said Stephen Spring,” etc.
A demurrer was overruled to this petition; and upon an issue made denying the loss of intestate’s life by reason of the willful neglect of the defendant, it appeared in evidence that the appellee was assaulted by the intestate, and when the assault was made the appellee deliberately drew his pistol and shot him. That the killing was intentional is manifest from .the proof, and whether in self-defense or not is a question not necessary to determine.
The court below, after defining willful negligence, instructed the jury, in substance, that if the killing was intentional, and not the result of the willful negligence of the defendant, they must find against the plaintiff.
Under this instruction the jury rendered a verdict for the defendant, and the appellant (the plaintiff below) has appealed.
The instruction given the jury made rather a novel issue for the parties, plaintiff and defendant. As the case was presented, it devolved on the defendant to show that he killed the deceased intentionally, and upon the plaintiff the burden *174 of demonstrating that the act was not purposely done, but was the result of a high degree of negligence.
The statute gives no right to the personal representative to maintain an action when the killing is malicious and intentional on the part of the party charged.
While willful negligence may be qwasi-criminal, and such a high degree of neglect as is equivalent to an intentional wrong, still it can scarcely be said that when one commits a wrong intentionally, and to accomplish a cei’tain purpose,- he is guilty of willful neglect; nor can it be supposed that the legislature had this class of wrongs in view - when enacting the statute authorizing the personal representative to sue when his intestate’s death was the result of the willful negligence of another.
The element of negligence must enter into the act of killing in order to create a cause of action under the statute. It provides that “ If the life of any person or persons is lost or destroyed by the willful neglect of another person or persons, company or companies, coi’poration or corporations, their agents or servants, then the widow, heir, or personal representative shall have the right to sue,” etc. (General Statutes, page 551.)
By section 6 of chapter 1, General Statutes, page 142, it is provided: “ The widow and minor child or children (or either or any of them) of a person killed by the careless, wanton, or malicious use of firearms, ... or other deadly weapons, not in self-defense, may have an action against the person or persons who committed the killing, ... or any one or more of them, for reparation of the injury; and in such action the jury may give vindictive damages.”
This same provision is found in Myers’s Supplement (page 681), authorizing an action by the widow and children where the killing is careless or malicious, and not in self-defense. So that at the time this cause of action is alleged to have originated (as well as under the General Statutes) a remedy was *175 provided for the widow and children of the deceased where the killing is malicious or intentional, and withheld from the personal representative.
This last act is a legislative construction of the statute under which this action is attempted to be maintained that can not well be mistaken.
This court, in the case of Chiles against Drake (2 Metcalfe, page 150), said: “The only object contemplated by the statute is .the redress of injuries to the life of persons or of stock occasioned by negligence. The redress of injuries consisting in the destruction of life resulting from negligence is the exclusive subject to which all of the provisions of the statute relate.”
In that case the court was asked to instruct the jury that if the death was the result of accident, and not produced by willful neglect, they must find for the defendant. It appeared, from the proof, that a quarrel took place between the defendant and another in a room where many persons were present. The defendant having a loaded pistol in his hand, it was discharged, killing a bystander, who had taken no part in the controversy. This court held, with the court below, that the killing was the result of recklessness, and rendered the defendant responsible, under the statute, for the civil injury produced by willful negligence.
That case serves to illustrate the distinction between an intentional injury and willful neglect; and if the killing had been intentional, it is evident that no action could have been maintained. An intentional injury can not be said to have been the result of negligence.
Concurring with the court below in the construction given the statute, the judgment must be affirmed.