CASE 63—ACTION, WILLFUL KILLING—NOVEMBER 22, 1884.

# Morgan v. Thompson.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

1. The administrator of a person who has been willfully and maliciously killed can not maintain an action for damages against the person killing him, nor the person causing it to be done.

2. The statute in regard to the killing of another by willful neglect, etc., has no application to this case.

3. There is no statute of the State authorizing the action.

W. C. TRABUE FOR APPELLANT.

1. Willful neglect is equivalent to intentional wrong, or a recklessness evidencing the absence of all care and precaution for the safety and protection of others. It is *quasi* criminal.

2. The case certainly comes up to the high standard of willful neglect in every particular.

3. The burden of proof is on the plaintiff to show neglect, then the jury must say what degree of neglect it is. (McFarland v. McKnight, 6 B. Mon., 506; Kauntz v. Brown, 16 B. Mon., 582.)

KINNEY & KINNEY AND J. T. O'NEAL FOR APPELLEE.

1. The master is not liable for the willful and malicious acts of his servant.

2. The administrator can not maintain an action for malicious and intentional killing. The right of action in such cases is in the widow and children. (12 Bush, 172.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an action by an administrator against the owners of a steam-boat to recover damages for the loss of the life of the intestate, who was shot and killed by the second mate of the vessel.

Upon the conclusion of the evidence introduced on the trial by the plaintiff, the jury, under a peremptory instruction by the court, returned a verdict for the defendant, and judgment having been rendered in accordance with the verdict, the plaintiff appeals.

It is in substance alleged that the defendants were before and at the time of the killing owners of the steamer, Charles Morgan, and common carriers; that Gabe Morgan, the deceased, was hired by them and shipped on the steamer as a deck-hand, and while engaged in the line of his duty as such at the port of Louisville, where the vessel had landed, he was, by the willful neglect of the defendants, their agents or servants, and without fault or cause on his part, shot and killed by one Fountain, acting under authority of defendants as mate, and under color of his authority as an officer of the vessel.

If this action can be maintained at all, it must be done under the statutes of this State. It can not be maintained under section 6, chapter 1, General Statutes. For, although by that section a right of action exists when a person is killed by another by either the careless, wanton or malicious use of fire-arms or other deadly weapon, not in self-defense, still, even if the section could be construed to authorize the action against another than the person committing the deed, which we do not think can be done, only the widow and minor children of the person killed can sue, the right of action not being given to the personal representative. The right of action, then, if appellant has any, exists by virtue of section 3, chapter 57, which is as follows: "If the life of any person or persons is lost or destroyed by the willful neglect of another person or persons, company or companies, corporation or corporations, their agents or servants, then the widow, heir or personal representative of the deceased shall have the right to sue such person or persons, company or companies, corporation or corporations, and recover punitive damages for the loss or destruction of the life aforesaid."

By the terms of the section the right of action is given to the personal representative as well as the widow and heir of the person whose life is lost or destroyed, but the cause of action arises from willful neglect, and, as has been held by this court in the case of Spring's Adm'r v. Glenn, 12 Bush, 172, "the statute gives no right to the personal representative to maintain an action when the killing is malicious and intentional on the part of the party charged." It therefore becomes necessary to determine whether the life of plaintiff's intestate was destroyed by the mate of the steam-boat intentionally or resulted from willful neglect on the part of the owners of the vessel or their agent or servant. For, as held in the case just cited, and as is apparent from the language used in the section, there is a distinction made between willful negligence whereby the life of a person is lost, for which a right of action is given to the personal representative, and the intentional destruction of life for which no right of action is given to him.

The plaintiff, in his pleadings, alleges that the life of his intestate was lost by the willful neglect of the defendants or their agent and servant. But the statement of the circumstances under which it occurred develops a case of intentional homicide. For it is not only alleged that the deceased was killed without any fault or cause on his part, but if he was killed in the manner and under the circumstances stated, the act of the mate of the vessel, who killed him, was not only intentional, but amounted to deliberate murder.

As was said in the case of Spring's Adm'r v. Glenn, the issue of fact here presented is rather novel. For it

:seems to have been regarded as necessary by the plaintiff, in order to sustain his action, to allege and prove that his intestate was not intentionally slain, but lost his life through the willful negligence of the defendants and their agent and servant, Fountain, while the ·defendants plead and undertake to show that he was intentionally killed by the mate of the vessel.

But the evidence introduced by the plaintiff shows ·conclusively that his intestate was intentionally killed by the second mate, and, whatever might be made to :appear in extenuation of the act, as this record stands, it was not only intentional, but without any excuse or ·extenuation.

It was, in our opinion, proper for the court to give the peremptory instruction, for no authority exists by statute for the personal representative to maintain an action for the destruction of his intestate's life, when it is intentionally taken, even against the slayer, much less against others who are not alleged to have aided .and assisted.

The judgment must be affirmed.