CASE 39—PETITION ORDINARY—MARCH 12.

# Brown v. Ellis.

APPEAL FROM SHELBY CIRCUIT COURT.

1. SALES OF PERSONAL PROPERTY—CONDITION PRECEDENT.—Where a
specific thing, like a horse, has been sold with a warranty of its
pedigree, under such circumstances that the property passed with
the sale, and the vendee is thus benefitted by the partial execu-
tion of the contract, and becomes the owner of the property, he
should not be permitted after the expiration of a year, without
having taken any steps to rescind the contract, to treat the failure
of the warranty as a condition broken, but should have recourse
to an action for damages for the breach of the warranty.

L. C. WILLIS FOR APPELLANT.

1. The agreement set up by the defendant that Wilson who sold the
stock for which $400 of the note sued on was given, agreed that
he would furnish the pedigrees of the stock as a part of the sale
was a condition precedent, and there could be no recovery on the
notes, to that extent, until that condition was complied with.
Clark on Contracts, pp. 668, 775 and 204; Beach on Modern Law
Contracts, secs. 89 and 90; Davis v. Jeffries, 53 N. W. Rep., 815;
Davesac v. Seiler, 93 Ky., 423; President, &c., v. Hagner, 1 Pet.,
455.

J. C. BECKHAM & SON FOR APPELLEE.

1. The instruction offered by defendant upon the idea that there
could be no recovery because the certificates of breeding had not
been furnished, was properly refused, it was based upon the idea
that the court should specifically execute the contract, and that
could only be done in a court of equity, if at all.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This suit was instituted by appellee in October, 1895,
on four notes aggregating about $690 which were exe-
cuted by appellant to the assignor of appellee in the sum-

mer of 1894. . Appellant filed answer admitting the exe-
cution of the notes, but alleged that they were given in
consideration of a herd of horses sold to appellant by
appellee's assignor, Wilson, and that five head of the
horses were mares which were estimated in the trade to
be worth $400, and that this $400 constituted a part of
the obligation sued on. It is further alleged by appellant
in his answer that the assignor Wilson represented these
animals to be of such pedigree as could be registered and
that he would furnish to appellant such certificate
of breeders of same, on prepared certificates of the
American Trotting Register Association as would entitle
appellant to register them, and that if. he did not within
a reasonable time furnish such certificates of breeders in
such form as the secretary of the American Trotting As-
sociation would receive and register the horses upon, that
he would take them back and deliver up to appellant the
notes and pay liberal feed bill for their keep; that this
agreement was a condition    precedent; and that appel-
lee's assignor had failed to perform this part of the con-
tract of sale, and prayed a specific performance thereof
and credit on the obligation sued on for $400, the stip-
ulated  price of  the five mares; and, by counter claim,
sought compensation for their reasonable keep. The re-
ply of appellee controverted the allegations of appellant's
answer, and the trial resulted in a verdict and judgment in
favor of appellee for the notes sued on, subject to a credit
of $150 allowed appellant by way of damages.

The only error relied on in this appeal for reversal is
the refusal of the trial court to instruct the jury upon

Brown v. Ellis.

appellant's theory that the failure of appellee's assignor to furnish the pedigrees as contracted was a condition precedent which precluded the institution of any suit to collect the purchase money for the mares and entitled appellant to a judgment on his counter claim for the keep of the stock. The court in its instructions treated the condition precedent as a mere breach of warranty, which could be compensated for by damages.

The testimony in the case shows that appellant took possession of these horses at the time he bought them, in July and August, 1894, and there is nothing to show that he did not make use of them as his own property after he acquired possession under the purchase. The only tender, or demand for specific performance of the contract he ever made of appellee's assignor, was in writing postal cards to him requesting him to furnish the certificates of registration.

The title to the horses passed by the sale to the vendee, and constituted, not only a substantial part of the consideration for the notes sued on, but the main consideration; as it is evident from the prices of the stock and the vague understanding on both sides as to their pedigree, that comparatively small importance was attached to this part of the consideration. And the question for our determination is, does this passage of the chief consideration for the notes sued on from the vendor to the vendee preclude appellant from relying on the alleged contract as to the pedigrees, as a condition precedent to the right of appellee's assignor to institute this action?

[ 20 ]

On this subject Mr. Benjamin, in his work on Sales (sections 560-564, 2d Ed.), says: "The rules of law on the subject of conditions in contracts are very subtile and perplexing. Whether a promise made or an obligation assumed by one party to a contract is dependent on or independent of the promise made by another; whether it be a condition to be performed before or concurrently with any demand on the other party for a compliance with his promise; or whether it may be neglected at the peril of a cross action, but without affecting the right to sue the other party, are questions upon which the decisions have been so numerous, and in many instances so contradictory, and the distinctions so refined, that no attempt can here be made to do more than enunciate a few of the general priciples." "But," he says (section 564), "although a man may refuse to perform his promise till the other party has complied with a condition precedent, yet if he has received and accepted a substantial part of that which was to be performed in his favor, the precedent condition changes its character and becomes a warranty, or independent agreement, affording no defense to an action, but giving the right to a cross action for damages. . . . The law therefore obliges him to perform his part of the agreement and leaves him to his action of damages against the other side for the imperfect performance of the condition. It is in the application of this rule that the cases have not been harmonious, and the practitioner is often embarrassed in advising, for the courts draw a distinction between what is and what is not a substantial part of the contract, in determining

Brown v. Ellis.

whether the original condition precedent has become con-verted, *ex post facto,* into an independent agreement."

It seems to us that this rule laid down by Mr. Benjamin is an equitable and salutary one.  Appellant has a com-plete remedy in damages for any injury which he has re-ceived for a breach of the condition .precedent, in an ac-tion on the warranty; and it would be exceedingly unjust for a party to a contract to accept the great bulk of the consideration of the bargain, keep, use and hold it as his own, and then after a long interval of time pay practic-ally nothing therefor because he did not receive the whole. In cases where the thing sold is not specific and the property has not passed by the sale, a vendee can very properly refuse to receive the thing proffered to him in the performance of the contract, on the ground that it does not correspond with the contract of purchase or that the conditions expressed in the contract have not been performed; but if a specific thing like a horse, has been sold with a warranty of its pedigree, under such circum-stances that the property passes with the sale, and the vendee is thus benefited by the partial execution of the contract and becomes the owner of the property, he should not be permitted, after so great an interval of time, with-out any steps having been taken by him to rescind the contract, to treat the failure of the warranty as a con-dition broken, but should have recourse .to an action for damages for the breach of the warranty.

Appellant was vested with the complete legal title to this property from the time he took possession of it under the sale, and with power to dispose of it if he had so

desired, and we think that this is one of those cases for the application of the rule of law quoted above; and as the instructions given by the lower court fully presented this view of the case to the jury, the judgment is affirmed.