CASE 44—ACTION TO RECOVER DAMAGES FOR DEATH OF PLAINTIFF'S
    INTESTATE—OCT. 20, 1899.

# Louisville & N. R. R. Co. v. Schumaker's Admx.

### APPEAL FROM BOYLE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS REVERSED.

JURISDICTION TO APPOINT ADMINISTRATOR—DAMAGES FOR DEATH OF
    PERSON—INSTRUCTIONS TO JURY.

Held: 1. Under Kentucky Statutes, section 4849, providing that a will shall be admitted to record "by the county court of the county of the testator's residence; if he had no known place of residence in this Commonwealth, and land is devised, then in the county where the land, or part thereof, lies; if no land is devised, then in the county where he died, or that wherein

his estate, or part thereof, shall be, or where there may be any debt or demand owing to him" (which by section 3894 is made applicable to the granting of administration on the estates of intestates),—where the intestate, a railroad brakeman , had broken up his home in M. county, and shipped his household goods to B. county, intending to reside there, his family being temporarily in J. county on a visit, he had "no known place of residence in this Commonwealth," and the county court of B. county had jurisdiction to grant administration on his estate, there being debts owing to him there.

2.  It was error to instruct the jury to find such sum for the death of plaintiff's intestate as would reasonably compensate his "wife and child" on account of the loss of his life, though the jury were further told that the elements to be considered by them were "the age and health of deceased, and his capacity for earning money, and the probable duration of his life;" it being improper to hold before the minds of the jurors that it was the wife and child who were to be compensated.

JOHN M'CHORD, R. P. JACOBS, H. W. BRUCE, C. R. M'DOW-
ELL AND EDWARD W. HINES, FOR APPELLANT.

ROBERT HARDING AND JOHN W. RAWLINGS, FOR APPELLEE.

(No briefs in the record.)

[This case was not originally marked "to be reported," and for this reason was omitted in former reports. Reporter.]

See opinion on petition for rehearing, 108 Ky., 263, 21 Ky. Law Rep., 1701-56, S. W., 155.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

This action was brought by the widow of John Shumaker, deceased, as administratrix of his estate, to recover damages for the loss of his life, which is alleged to have been caused by the negligence of the appellant.

The first question to be considered in the judgment of the court upon the plea in abatement. The occupation of the intestate was that of brakeman on railroads. On September 12, 1895, his residence was Madison county, Ky. On that day, having severed his connection with an-

other railroad, he shipped his household goods to Junction City, Boyle county, Ky., for the purpose of taking up his residence in that county. His family went to Jessamine county on a visit, and while they were there temporarily the intestate was acting as brakeman on the appellee railroad, and was killed in Nelson county, Ky. The deceased was not a land owner in Boyle county, nor does he seem to have had any tangible personal property at the time of his death; but there were debts and demands due him by persons domiciled in that county, and they were so due at the time the appellee qualified as administratrix of the decedent's estate. Her right to have qualified as administratrix in Boyle county depends upon the meaning of sections 3894 and 4849, Kentucky Statutes, which read as follows:

"Section 3894. When any person shall die intestate, that court shall have jurisdiction to grant administration on his estate that would have had jurisdiction to probate his will, had he made one."

"Section 4849. Wills shall be proved before and admitted to record by, the county court of the county of the testator's residence; if he had no known place of residence in this Commonwealth, and land is devised, then in the county where the land, or part thereof, lies; if no land is devised, then in the county where he died, or that wherein his estate, or part thereof, shall be, or where there may be any debt or demand owing to him."

The first part of section 4849 evidently relates to a testator where the county of his residence in the Commonwealth is known. The next part of the section relates to a resident of the Commonwealth, but whose place of residence therein is unknown. When this is the case,

if he devises land, then his will must be probated in the county where the land, or part thereof, lies; if land is not devised, then his will is to be probated in the county where he dies, or in the county wherein his estate, or part thereof, shall be; or, if there were any debts or demands owing to him by the person domiciled in that county, then the will may be probated in that county.

It is urged that the meaning of the section, "If [the decedent] had no known place of residence in this Commonwealth," has reference to a person who was a nonresident of the Commonwealth at the time of his death. The language of the section, taken as a whole, shows that it has reference to residents of the Commonwealth, but this is not an open question. Section 27, c. 106, 2 Stanton's Revised Statutes, is the same as section 4849, Kentucky Statutes. This court, in Thumb v. Gresham, 2 Metc., 306, adjudged that section referred to residents of the State. The case of Railroad Co. v. Brantley's Adm'r, 96 Ky., 308, (16 R. 691) 28 S. W., 477, was an action by a nonresident administrator of a nonresident decedent for damages resulting from his death; and this court held that the action could not be maintained by such nonresident administrator, because the damage sought to be recovered was not a debt due such decedent. The case of Brown's Adm'r v. Railroad Co., 97 Ky., 233, 305 (17 R. 145) (30 S. W., 639) W. 639, was an action by an administrator appointed in this State on the estate of a decedent who was a nonresident of the State at the time of his death, but he had no personal estate in Kentucky other than the demand given by the Kentucky Statutes to personal representatives of decedents who have been killed by negligence, etc. In that case the court, in discussing the question of the power of a county court in Kentucky to make the appointment of a personal repre-

sentative (the same provisions were in the General Statutes as those under consideration), in substance, said: It may be that the claim in the action is not a debt due the decedent at the time of his death, nor is it, strictly speaking, a personal estate of the decedent; but, beyond the provisions of the General Statutes, the statute which gives the cause of action to an administrator appointed by the local courts for the purpose of maintaining the action implies the right of the court where the injury was inflicted and the death occurred to appoint a personal representative. And the court held that the county court of the county where the injury was done and where the man died had jurisdiction to make the appointment. It will be observed that this court, in the Brown case, did not adjudge that the county court where the decedent died had jurisdiction to appoint a personal representative because of section 4849, but by reason of the statute which gave the cause of action. Shumaker was no longer a resident of Madison county, because he had abandoned his residence there and expressed a purpose to become a resident of Boyle county, and had shipped his household goods to that county, before he was killed. If he can not be said to be a resident of Boyle county, then certainly he had no known place of residence in the Commonwealth, and the county court of Boyle county had jurisdiction to appoint the personal representative.

As this case will go back for a new trial, we deem it unnecessary to enter into a discussion of the facts, and give the reasons for reaching the conclusion that the case was one which the court properly submitted to the jury. Were we in doubt on this question, then the fact that two verdicts have been returned for the administratrix would make us hesitate to say the facts were not such that the

jury should be permitted to judge as to their sufficiency to warrant them in finding a verdict for the plaintiff.

Except one, the instructions are faultless, and that one is on the measure of damages. It is instruction No. 2, and reads as follows: "If your verdict be for the plaintiff, it shall be for such sum, not exceeding $30,000, the amount claimed, as will reasonably compensate the wife and child of deceased on account of the loss of his life; and the elements to be considered by you in determining this compensation are the age and health of deceased, and his capacity for earning money; and the probable duration of his life." Under the Kentucky Statutes, an action to recover damages for the loss of life must be brought by the personal representative of decedent, while under the General Statutes, as construed by this court, there could be no recovery for the loss of life unless the decedent left a wife or child. Under the present law the personal representative can maintain an action to recover damages, and is entitled to recover same, where a cause of action exists, as he would be if the decedent left neither wife nor child. The recovery goes to the estate of the deceased. The statute provides how and to whom a recovery shall be distributed. The persons who are to receive the estate are not parties to the action. This court, in the cases of Oil Co. v. Tierney, 92 Ky., 377, 13 R. 626 (17 S. W., 1025); Railway Co. v. Sampson's Adm'r, 97 Ky., 65 (16 R. 819), (30 S. W., 12); Railroad Co. v. Eakins' Adm'r (103 Ky., 465), (20 R. 736), (45 S. W., 529); Railroad Co. v. Kelley's Adm'x 100 Ky. 421 (19 R. 69), 38 S. W., 852,—adjudged that it was not competent to prove that the decedent or injured party had a wife and children depending upon him for support, and the reasons for so holding are elaborately discussed in the Eakin case. In the case under consideration it was proven without objection that

the decedent left a wife and child. The court told the jury, in the instruction quoted, that, if the verdict was for the plaintiff, the jury should fix such sum as "would reasonably compensate the wife and child of deceased on account of the loss of his life." It was error for the court to tell the jury that they were called upon to compensate the wife and child of deceased for the loss of the husband and father, although in the concluding part of the instruction the court endeavored to describe the elements which the jury should consider in ascertaining the loss to the wife and child. It was not proper to hold before the minds of the jurors, by the instruction, that it was the wife and child that were to be compensated by the verdict for the loss of the husband and father. It is likely that the jury might have been impressed with the idea that they should compensate the wife for the loss she had sustained by being deprived of the society and association of the husband, and the child for the loss of its father's assistance and advice. In the Eakin case, this court said it was erroneous to give an instruction directing the jury to find damages sustained by the widow and children of the deceased, although there was another instruction in the case which gave the measure of damages that should be recovered. It might be argued in this case with some plausibility that the jury was not misled by it, because the elements that they were directed to consider would prevent them from being influenced by the considerations which we have suggested. Still, the rule as to the measure of damages should be certain and fixed; and if we approve this instruction it may be given in many cases hereafter, and work incalculable harm, and we regard it the safe practice to require the usual instruction to be given in this character of case. An instruction like

438            KENTUCKY REPORTS.            [Vol. 112

the one which we have had under consideration was given on the first trial of the case. Therefore. the court did not err in granting a new trial. The judgment is reversed for proceedings consistent with this opinion.