CASE 80.—ACTION BY THE ADMINISTRATOR OF ARRETUS
HOWARD AGAINST W. H. HUNTER FOR DAMAGES
FOR CAUSING THE DEATH OF PLAINTIFF'S IN-
TESTATE.—October 15.

# Howard's Admr. v. Hunter

Appeal from Daviess Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment     for     defendant,     plaintiff     appeals.
Reversed.

Death—Action—Parties.—Const., section 241, provides that when-
ever death results from negligence or wrongful act damages
may be recovered; the action, till otherwise provided by
law, to be prosecuted by decedent's personal representative,
and till otherwise provided the recovery shall form a part of
the personal estate. Ky. Stats. 1903, section 6, provides that
when death results from negligent or wrongful act damages
may be recovered, and the action shall be prosecuted by the
personal representative. Section 4 provides that the widow
and minor children of one killed by the careless, wanton,
or malicious use of firearms or other deadly weapons may
have an action therefor. Held, that the administrator of
one whose death was caused by the wrongful use of fire-
arms had a right of action therefor; deceased not being sur-
vived by widow or child, and the words "wrongful act" as
used in the Constitution and statute embracing every injury
that might be committed against the person, whether negli-
gently done or not.

ELI H. BROWN and J. R. HAYS for appellant.

We respectfully submit that it would not do to read into sec-
tion 241 of the Constitution that the action given therein is not
allowed to the personal representative of an unmarried man,
or to one whose life was wrongfully taken by a pistol or gun
shot instead of a fence rail of a rock. No such discrimination

is attempted by the plain language of this section, and we think none will be attempted by the court.

### AUTHORITIES CITED.

Constitution of Kentucky, Section 241; Passamaneck's Admr. vs. Louisville Ry. Co., 99 Ky. 409; Henderson's Admr. vs. Central &c., Ry. Co., 86 Ky. 389; Jordan's Admr. vs. Cincinnati, &c., Ry. Co., 89 Ky. 40; Wright vs. Woods' Admr., 96 Ky. 56; Thomas' Admr. vs. Royster, 98 Ky. 206; McClure vs. Alexander, 15 Ky. Law Rep. 732; East Tennessee Telephone Co. vs. Sims, 99 Ky. 409.

LA VEGA CLEMENTS and FOREST A. ROBY, attorneys for appellee.

### POINTS AND AUTHORITIES.

1. There are only two statutes in Kentucky for which damages can be recovered for injury resulting in death. (Section 6, chapter 1, Kentucky Statutes; section 4, chapter 1, Kentucky Statutes.)

2. The terms used in the petition are inconsistent, and contradictory of each other. (Webster's Dictionary defining word, "wilful;" Anderson vs. Territory, 13 Pacific Rep. 21; United States vs. Boyd, 45 Fed. Rep 851.)

3. No action could be maintained at common law for damages for an injury resulting in death, but such right is exclusively a statutory remedy. (Eden vs. Lexington & Frankfort R. R. Co., 14 B. M. 165; O'Donoghue v. Akin, 2 Duvall 478; Harris v. Ky. Timber & Lumber Co., 19 Ky. Law Rep. 1731; Gregory vs. I. C. R. R. Co., 26 Ky. Law Rep. 76.)

4. The personal representative cannot maintain this action but only widow or child of decedent. (Donahue vs. Drexler, 82 Ky. 157; McClure, &c., vs. Alexander, 15 Ky. Law Rep. 732.)

OPINION OF THE COURT BY JUDGE CARROLL— Reversing.

Arretus Howard was shot and killed by appellee, Hunter. He did not leave surviving him a widow, child, or children. This action was instituted by his personal representative to recover damages for his

death, which was alleged to have been negligently and wrongfully caused by the act of appellee. The court sustained a general demurrer to the petition. Whether this ruling was correct or not, is the only question presented by this appeal.

Section 241 of the Constitution provides that: "Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then in every such case damages may be recovered for such death from the corporation and person so causing the same; until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. The General Assembly may provide how the recovery shall go and to whom belong; and until such provision is made, the same shall form a part of the personal estate of the deceased person." To make more effective the purpose of this section, the Legislature enacted section 6 of the Kentucky Statutes of 1903, reading: "Whenever the death of a person shall result from an injury inflicted by a negligent or wrongful act, then in every such case damages may be recovered for such death from the person or persons, company or companies, corporation or corporations, their agents or servants, causing the same; and when the act is willful or negligence gross, punitive damages may be recovered; and the action to recover such damages shall be prosecuted by the personal representative of the deceased." The remainder of the section relates to the distribution of the amount recovered. This section is found in an act approved July 3, 1893 (Laws 1893, p. 1383, c. 252), and section 4 of the act provides that: "The widow and minor child, or either or both of them of a person killed by the careless,

wanton, or malicious use of firearms, or by any
weapon popularly known as colt's, brass knuckles,
slung-shots, or other deadly weapon, or sand bag, or
any imitation or a substitute therefor, not in self-
defense, may have an action against the person who
committed the killing, and all others aiding or pro-
moting, or any one or more of them; and in such
action the jury may give vindictive damages.''

The lower court sustained a demurrer to the peti-
tion upon the ground that under section 4, supra,
the right of action to recover damages for the death
of a person killed by the careless, wanton, or mali-
cious use of firearms is vested exclusively in the
widow and minor child of the deceased; and if the
deceased does not leave surviving him a widow or
minor child or children the right of action dies with
him, and does not survive to his personal representa-
tive. This ruling was largely, if not altogether, in-
fluenced by the opinion of this court in McClure v.
Alexander, 24 S. W. 619, 15 Ky. Law Rep. 732. In
that case Alexander shot and killed McClure. The
widow and an infant daughter of the deceased insti-
tuted an action against Alexander to recover dam-
ages for the death of McClure. The trial court dis-
missed the petition for the alleged reason that the
cause of action was alone in the personal representa-
tive of the deceased by virtue of section 241 of the
Constitution. In reversing the case, it was held not
to be the intention of the Legislature in the enact-
ment of section 6, supra, to repeal section 4, and in
the course of the opinion the court said that when
the deceased left a widow or minor child the right
of action was in them. The precise question here
presented was not involved in that case. If that
opinion may be so construed as to deny the right of

a personal representative to maintain the action, when the deceased does not leave a widow or minor child, it is in conflict with the views now entertained by the court, and will not be followed. The proper construction of the statute is that, if the deceased leaves a widow and minor child or children, then the action may be prosecuted by them; if he is not survived by either, then his personal representative may sustain it. It was the manifest intention of the constitutional provision quoted to allow an action to be maintained whenever the death of a person was caused by the negligent or wrongful act of another and it is not within the power of the Legislature to deny this right of action. The section is as comprehensive as language can make it. The words "negligence" and "wrongful act" are sufficiently broad to embrace every degree of tort that can be committed against the person. In Shearman & Redfield on Negligence, section 3, "negligence" is thus defined: "Negligence, constituting a cause of civil action, is such an omission by a responsible person to use that degree of care, diligence and skill which it was his legal duty to use for the protection of another person from injury, as in a natural and continuous sequence causes unintended damage to the latter." The word "negligence" implies a breach of duty, and a person cannot be legally negligent so as to subject him to damages except in respect to others to whom he owes a duty. Hence, as the word "negligence" has a limited meaning, the words "wrongful act" were used to embrace every injury that might be committed against the person, whether negligently done or not. A wrongful act may or may not be negligent, depending on how it is committed and the relation between the parties. Many wrongful acts are com-

mitted in which there is no element of negligence—
no breach of duty is committed. A wrongful act may
be criminal, willful, wanton, or reckless. In short,
every injury inflicted upon the person without legal
right or excuse is a wrongful act without reference
to the relation existing between the perpetrator and
his victim. Clearly the death of a person caused by
the careless, wanton, or malicious use of firearms is
a wrongful act as much so as if the death was due
to a blow from an iron poker, or an ax or any other
instrument. It would be a most anomalous state of
affairs to hold that the personal representative might
maintain an action for damages resulting from the
death of his intestate caused by any careless, wanton,
or malicious act, except when the weapon used to
inflict the death was a firearm or other deadly weapon.
The effect of this construction would be that if the
death was caused by smothering, drowning, burning,
or poisoning, the cause of action would survive to
the personal representative; but if it was caused by
the use of firearms, or other deadly weapons, it would
die with him, unless he left a widow or minor chil-
dren. Any act that is wanton or malicious is neces-
sarily wrongful, and whenever death is caused by a
wrongful act, however it may be committed, or what-
ever the means or instrument used in its commission
may be, a cause of action survives to the personal
representative. Any other interpretation would
seriously impair, if not destroy, the meaning of the
words "wrongful act" found in the Constitution and
inserted for the purpose of allowing a cause of action
for the death of any person caused by such act. If
the deceased, who is killed by the use of any of the
weapons mentioned in section 4 of the statute, leaves
a widow and minor child, or either, then the action

may be maintained by them under section 4; but, if he leaves neither, then his personal representative may sue under section 6 of the statute. If the action is brought under section 4 by the widow and minor child, the pleading must follow the terms prescribed in the section. There is no conflict between the sections. Both may be upheld. Section 6 merely enlarges the remedy and gives a right of action not authorized by section 4. And so, if the widow or minor children will not prosecute the action under section 4, then the personal representative may do so under section 6, and, if the personal representative fails or refuses, the widow or minor child may sue. McLemore v. Sebree Coal & Mining Co., 121 Ky. 53, 88 S. W. 1062, 28 Ky. Law Rep. 25. But if the deceased leaves a widow or minor child, the right of action is primarily in them. This construction gives full force and effect to both the Constitution and the statute, while the one contended for by appellee would take away from the constitutional provision, and the statute enacted in pursuance thereof, a large part of their meaning.

We have not deemed it necessary to consider the state of the law prior to the adoption of the present Constitution. Previous to that time, when death resulted from negligence or wrongful act, there was considerable confusion and uncertainty, not only as to whom the cause of action to recover damages was in, but when it might be maintained, if at all. In O'Donoghue v. Akin, 2 Duv. 478; Eden v. Lex. & Frankfort R., 14 B. Mon. 165; Harris v. Ky. Timber & L. Co., 43 S. W. 462, 45 S. W. 94, 19 Ky. Law Rep. 1731; Gregory v. I. C. R. Co., 80 S. W. 795, 26 Ky. Law Rep. 76; Spring v. Glenn, 12 Bush 172; Morgan v. Thompson, 82 Ky. 383, 6 Ky. Law Rep. 499;

Jordan v. C., N. O. & T. P. R. Co., 89 Ky. 40, 11 S. W. 1013, 11 Ky. Law Rep. 204, will be found opinions illustrative of this subject. To remedy this confusion and uncertainty, and remove all doubt touching the right of recovery, section 241 of the Constitution was enacted.

Wherefore the judgment of the lower court is reversed, with directions for a new trial in conformity with this opinion.