## Young v. Young, et al.

(Decided December 6, 1910.)

## Appeal from Jessamine Circuit Court.

1.  Lunatic—Responsibility for Torts.—In an action for damages by the widow and minor children of a person killed by a lunatic, held that a lunatic, to the extent of compensation, is just as

responsible for his torts as a sane person, and the rule applies to all torts except, perhaps, those in which malice, and therefore intention, actual or imputed, is a necessary ingredient, like libel, slander and malicious prosecution.

2. Authority for Action—Sufficiency of Pleading.—Where the petition charges that the killing was unlawful and wrongful and not in the lunatic's necessary or apparently necessary self-defense, it is sufficient to authorize a recovery under Kentucky Statutes, Section 4, providing that a widow or minor child of a person killed by the careless, wanton or malicious use of firearms * * * not in self-defense, may have an action against the person who committed the killing.

JOHN H. WELCH for appellant.

EVERETT B. HOOVER and ROBT. HARDING for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

In December, 1908, Matt Young, a person of unsound mind, shot and killed Logan Young. Hester Young, his widow, and Minnie G. Young and Mary Young, his children, who sue by their mother, as next friend, brought this action against appellant to recover damages. The jury returned a verdict in their favor for the sum of $14,000. From the judgment based thereon, this appeal is prosecuted.

The petition charged that appellant, Matt Young, shot and killed Logan Young, the husband and father of plaintiffs, with a shotgun; that the shooting was not done by the appellant in his necessary or apparently necessary self-defense. The petition further charges that the killing was done unlawfully and wrongfully, when appellant was not in danger of the loss of his life or of suffering great or any bodily harm at the hands of Logan Young. Appellant's demurrer to the petition was overruled, and his committee then interposed two defenses: First, that the killing was done in Matt Young's necessary or apparently necessary self-defense; second, that at the time of the killing, Matt Young was of unsound mind and a lunatic, who did not have mind enough to know the nature or quality of his act, and who was laboring under such defective reason as not to be responsible for his conduct. To that paragraph of the

answer pleading the latter defense, a demurrer was sustained.

The facts, in brief, are as follows: The deceased, Logan Young, and George Holloway were deputy sheriffs of Jessamine county. They were ordered by the sheriff of that county to go out and get Matt Young, who was crazy. They left town and went to Young's residence. Holloway had a pistol with him, but decedent did not have a gun or pistol when he reached the premises. When they arrived there the deceased obtained a gun. There were four other persons present when the two deputies arrived: Robert Riddle and his father, James Riddle, William Baxter and Dil Hunter. The latter parties were several yards distant from the point where the killing took place. As the two deputy sheriffs approached the house, Matt Young came down out of the house and went to his horse, which was hitched a few yards distant. At that time Holloway and the deceased drew near, and the deceased said: "Matt, what's the matter with you? Why don't you behave yourself?" Thereupon appellant threw his gun across the horse, took deliberate aim and killed Logan Young. Matt Young then tried to kill Holloway, and the latter shot at him. After that Matt Young went and secured deceased's gun, and road away with it.

According to the testimony for the appellant, Logan Young approached Matt Young and said: "Put down that gun or I will shoot you." He also testified that Logan Young shot first. For appellant, it is also argued that Logan Young was shot in the hand, and this shows his gun was presented at the time. After a careful consideration of the evidence, however, we are not disposed to disturb the finding of the jury on the ground that their verdict was flagrantly against the evidence. It is manifest that the deceased went to appellant's home for a laudable purpose, and that there was no motive for him to attack appellant other than to protect his own life.

We conclude that this action is authorized by section 4 of the Kentucky Statutes, which gives to the widow and minor child of a person killed by the careless, wanton or malicious use of fire-arms, not in self-defense, an action against the person who committed the killing. While it may be true, that carelessness or malice may not be imputed to a lunatic, we think the word "wanton" aptly applies to the facts of this case. A

wanton act is an unrestrained act, and the act of a lunatic is precisely of that character.

It is insisted, however, that the petition is fatally defective, because not couched in the language of the statute. In support of this position, the case of Howard's Admr v. Hunter, 31 Ky. Law Rep. 1092, is cited A careful reading of that case, however, will show that this court held that the word "wrongful" is broad enough to include a careless, wanton or malicious act. While that opinion does hold that, where an action is brought under section 4, by the widow and minor child, the pleadings must follow the terms prescribed in the section, it does not mean that the terms prescribed in that section should be literally followed. The use of any other word sufficiently broad to embrace the idea contained in any one of the words in that section is sufficient. In the case before us the petition charges that the killing was unlawful and wrongful, and not in appellant's necessary or apparently necessary self-defense. We conclude that these allegations are sufficient to authorize a recovery under section 4.

But it is insisted that the court erred in sustaining the demurrer to the second paragraph of the answer pleading that Matt Young was a lunatic and not responsible for his acts. While certain eminent law writers have criticised the doctrine, it may be stated that by the great weight of authority the law is well settled, that an insane person, to the extent of compensation, is just as responsible for his torts as a sane person; and this rule applies to all torts, except, perhaps, those in which malice, and, therefore, intention, actual or imputed, is a necessary ingredient, like libel, slander and malicious prosecution. Some of the courts have based the doctrine upon the principle that, where one of two innocent persons must bear a loss, he must bear it whose act caused it. The additional reason has been given that public policy requires the enforcement of the liability that the relatives of a lunatic may be under inducement to restrain him, and that tort-feasors may not simulate or pretend insanity to defend their wrongful acts, causing damage to others. (Cooley on Torts, p. 99; Irvine v. Gibson, 117 Ky. 306; Boswell on Insanity, section 355; 22 Cyc. 1211; Williams v. Hays, 143 N. Y., 442; McIntyre v. Sholty, 124 Ill. App. 605; Bacon's Abridgment, p. 7; 1 Hale P. C. 15; Hobart's Reports, p. 134.)

Perceiving no error in the record prejudicial to the substantial rights of the appellant, the judgment is affirmed.