## Walter's Admr. v. Kentucky Traction & Terminal Company.

(Decided December 9, 1924.)

### Appeal from Bourbon Circuit Court.

Executors and Administrators—Special Demurrer, Raising Question 'of Alleged Administrator's Capacity to Sue, Held Properly Sustained.—Where petition in action for death showed on its face that administrator was not appointed in county of deceased's residence and death, as required by Ky. Stats., sections 3894, 4849, trial court properly sustained special demurrer raising question of plaintiff's capacity to maintain action, regardless of Civil Code of Practice, section 73, relative to venue of actions.

R. E. L. MURPHY and A. B. THOMASON for appellant.

ALLEN & DUNCAN and WALLACE MUIR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

William D. Walter, a resident of Fayette county, Kentucky, was struck by an interurban car of appellee traction company at Warrentown, in that county, and killed on the 19th of March, 1921. The judgment from which this appeal is prosecuted was rendered in an action brought in the Bourbon circuit court by L. D. Harris as administrator of Walter against the traction company, alleging that death of Walter was the result of the gross negligence and carelessness of the traction company in the operation of its car, and praying damages in the sum of $50,000.00 for his death. In the petition it is averred, "That William D. Walter died a resident of Fayette county, Kentucky, on or about the 19th day of March, 1921, intestate; that by proper orders of the Bourbon county court the plaintiff was duly appointed administrator of the estate of said William D. Walter; . . . that the defendant, Kentucky Traction and Terminal Company, is a corporation, . . . with power to sue and be sued and to contract and be contracted with, and that the defendant at the time of the injuries herein complained of operated and still operates a line of railway with interurban cars running thereon through the counties of Fayette, Bourbon, Woodford and Franklin, in the state of Kentucky." It is further averred, "That while decedent, William D. Walter, was

in the act of or attempting to cross the railroad lines of the said defendant at or about a crossing known as stop No. 8 on the said railway line, and in the said town of Warrentown, the defendant, its agents, servants and employes with gross negligence and carelessness ran one of the defendant's cars into, against and upon decedent, causing such injuries to the decedent that he died a few minutes thereafter; that the injuries complained of were received and suffered in Fayette county, Kentucky.'' By amended petition appellant averred that prior to and at the times mentioned in the petition of plaintiff, L. D. Harris, he was a resident of Bourbon county, Kentucky, and that he is now a resident of Bourbon county, Kentucky. To the petition, as amended, appellee company filed a special demurrer, ''Because the court has no jurisdiction to try the case and no jurisdiction over the subject matter, and because the plaintiff has not legal capacity to sue.'' This demurrer was sustained by the trial court, and the petition dismissed. Appellant saved exceptions and now prosecutes this appeal.

Appellant insists that the Bourbon circuit court had jurisdiction to try the case and the plaintiff, as administrator of the deceased, had legal capacity to maintain an action in Bourbon county. Section 73 of the Civil Code reads:

''Excepting the actions mentioned in section 75, an action against a common carrier, whether a corporation or not, upon a contract to carry property must be brought in the county in which the defendant, or either of several defendants, resides; or in which the contract is made; or in which the carrier agrees to deliver of the property. An action against such carrier for an injury to· a passenger, or to other person or his property, must be brought in the county in which the defendant, or either of several defendants, resides; or in which the plaintiff or his property is injured; or in which he resides, if he reside in a county into which the carrier passes.''

Appellant's brief is devoted to an argument to the effect that an administrator of a decedent may bring and maintain a suit in the Bourbon circuit court to recover damages for the death of a resident of Fayette county, Bourbon being the county of the residence of the admin-

istrator. In the case of C. & O. Railway Company v. Heath's Admr., reported in 87 Ky. 651, we said:

> "Where the action for the personal injury survives or where the personal representative may recover for the personal injury or for the death of the intestate, he may sue in the same manner and in the same jurisdiction that the party injured could have sued if he had survived the injury."

In the case of Turner, Admrx. v. Louisville & N. R. Co., 110 Ky. 879, we observed:

> "This rule as to a plaintiff is well established and is universal where the question of citizenship arises on petition for removal to the United States courts, and other like questions. John E. Turner is dead, and, of course, is not a plaintiff; and so, to fix jurisdiction and citizenship, the personal representative is always held to be the plaintiff. We are of the opinion that it appears that the plaintiff herein resides in Boyle county and that under section 73, *supra,* the court had jurisdiction of the action."

Appellee traction company admits that the principles of law stated by appellant in brief are correct but says they have no application to the facts of this case where, as it insists, the plaintiff is not in fact the administrator of the decedent because not appointed by a county court having jurisdiction to name the administrator of the intestate who resided in Fayette county and met his death there. The petition sets forth the fact that Walter was a resident of Fayette county and that the accident happened to him in Fayette county and he died therein. It also avers that appellant Harris was appointed administrator of the estate of Walter by the Bourbon county court.

By section 3894, Kentucky Statutes, it is provided that the county court of the county having jurisdiction to probate the will of a decedent, if he have one, shall have jurisdiction to grant administration of his estate; while section 4849, Kentucky Statutes, provides, "Wills shall be proved before, and admitted to record by, the county court of the county of the testator's residence." Construing these sections, this court, in the case of Hall's Admr. v. L. & N., 102 Ky. 480, held that the proceed-

ings of the county court in matters of probate and administration are not conclusive as to the jurisdiction of the court, and such jurisdiction may be collaterally called in question where the proper averments are made, from which it necessarily follows that where the petition itself affirmatively shows facts which would deprive the county court of jurisdiction to grant administration, the question of jurisdiction of the county court may be raised by special demurrer. This ruling was approved in Turner's Admr. v. L. & N. R. R., *supra.* See also Jones' Admr. v. Lay, 23 R. 2113; I. C. R. R. Co. v. Stith, Admr., 120 Ky. 237.

From the averments of the petition it is clear that the county court of Bourbon county had no jurisdiction to appoint an administrator of the estate of decedent, Walter, who was a resident of Fayette county and who died there intestate, there being no facts alleged showing jurisdiction in the Bourbon county court. By special demurrer the question was made, whether the plaintiff had capacity to maintain the action. If the Bourbon county court did not have jurisdiction to appoint Harris administrator of the estate of Walter, a resident of Fayette county, then he was not administrator of that estate, and if he were not administrator of that estate he had no interest in it and could not maintain an action to recover damages for the wrongful death of Walter. The trial court correctly ruled that Harris could not maintain the action. The special demurrer to the petition, which manifested all the facts showing that the Bourbon county court did not have jurisdiction to appoint Harris administrator of Walter was properly sustained. The incapacity of the appellant to maintain the action is clear.

Judgment affirmed.