REEVES *v*. WISCONSIN & ARKANSAS LUMBER COMPANY.

Opinion delivered September 18, 1931.

*Hogue & Burney,* for appellant.
*John L. McClellan,* for appellee.

McHANEY, J. On May 9, 1919, appellee entered into a written contract with one H. G. Toler for the sale to him of sixty acres of land in Grant County, for a consideration of $450, of which $100 was paid in cash, and for the remainder two promissory notes were given, $175 each, due in one and two years after date, with interest at 7 per cent. from date. Said contract provided that, upon

the payment of said notes and interest and the surrender of the contract, appellee would execute to said Toler, his heirs or assigns, "a special warranty deed conveying the title to said aforedescribed lands and premises in fee simple." But, on a failure to pay said notes, or either of them, at the time and in the manner set forth, it is provided that said contract shall be null and void, "and the premises hereby contracted shall revert to and revest in" appellee, "time being the essence of this contract." A further provision is: "It being agreed and understood that deed, when made, is to carry the usual mineral, coal, oil and gas reservations."

On April 11, 1920, appellant bought this land from Toler, paying him a sum in cash and assuming the outstanding indebtedness to appellee, represented by the above mentioned notes. A copy of the Toler contract was delivered to him in 1925, and the original held by Toler was assigned to him on October 20, 1928. He made some small payments to appellee from time to time, but failed and refused to pay in full. Appellant being in default and refusing to pay after notice and demand, appellee brought this action to recover possession of the land, or to enforce a lien for the balance due, appellant having entered into possession when he bought from Toler and made valuable improvements thereon. A trial resulted in a decree for appellee declaring and enforcing a lien on said land for the balance of the purchase money represented by said notes, $378.50, including interest.

For a reversal of the judgment, appellant says the contract is void, first, for want of execution; and, second, that the exception clause, reserving the minerals, etc., above quoted, is ambiguous which renders the contract void. Appellant made no such contentions in the trial court, and these questions were not then and are not now issues in the case. He admitted the specific allegations in the complaint in these respects to be true, that is, that appellee and Toler made the contract upon the terms and conditions heretofore stated, that the copy thereof at-

tached to the complaint is a true copy, that the land was to be conveyed to Toler, or his assigns, upon the payment of the balance due, by special warranty deed, and further: "admit that plaintiff was to reserve title to all mineral, oil, coal and gas in and to said lands in the plaintiff," etc. Having admitted by answer that the contract was properly executed and that appellee was to reserve the minerals mentioned in the deed, when executed, no issue thereon was joined, and none can be raised now. It appears that the contract was executed in duplicate, each party receiving a copy signed by the other. The copy held by appellee and attached to the complaint was signed by Toler, but not by an officer of appellee. This could make no difference to either Toler or appellant. It was unnecessary for appellee to sign its copy. It was and is asserting that the contract was its act, which was not denied. Nor could any person of ordinary intelligence have been misled by the wording of the mineral reservation to be inserted in the deed.

It is finally contended that appellee's title to the land is not good, or that there has been a failure of title. The argument made by appellant under this heading appears to be based on the assumption that the written contract is void. Since, as we have already shown, the contract was a valid one, admitted to be such in his answer, and no contention thereon being made below, appellant must, of necessity, be concluded on this point. It will be remembered, however, that appellee contracted to give Toler, or his assigns, a special warranty deed only. Such a deed cannot be construed to be one of general covenants of warranty, but simply warrants the title against all defects therein done or suffered by the grantor. Appellee however offered to give appellant a deed with general covenants of warranty, if he would pay the purchase price and thereby avoid the necessity of this lawsuit, but the offer was refused. We think it unnecessary to decide whether the title in appellee is good or bad, but will observe in

passing that it acquired the title in 1905, the land at that time being unimproved and uninclosed, and that it and those through whom it claims have paid the taxes thereon for a great many years, more than seven, under color of title, and have continuously paid the taxes thereon since 1905 to 1919, when the land was sold to Toler.

We find no error, and the decree is accordingly affirmed.