## Phillips' Committee v. Ward's Administrator.

(Decided November 10, 1931.)

26

J. C. CANTRELL, ABNER MAY and E. J. PICKLESIMER for appellant.

J. E. CHILDERS and W. G. W. RIDDLE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Hillard Phillips shot and severely wounded Jarvey Ward, who was taken to a hospital at Williamson, West Virginia, where he lingered and languished for twenty-three days, when death ensued. J. T. Ward, administrator of the estate of Jarvey Ward, deceased, recovered a judgment for $20,000 damages against Hilliard Phillips, and the latter's motion for a new trial was overruled. Phillips had been adjudged insane, and his committee controlled and conducted the defense of the action. The committee has prosecuted an appeal on behalf of his ward.

It is first insisted that the petition of the plaintiff failed to state a cause of action. The pleading is peculiar. It is styled, J. T. Ward, administrator of the estate of his deceased son, Jarvey Ward, plaintiff, versus Hilliard Phillips, defendant. There is no specific averment of the appointment of the administrator, but, in addition to the caption above quoted, the plaintiff refers to himself several times as administrator of the estate of his deceased son. The pleading was signed by counsel as "attorney for the administrator." No motion to amplify the allegations were made. It was alleged that the deceased was an unmarried man, without children, and damages were sought by the plaintiff in a representative capacity for the benefit of the father and mother of Jarvey Ward. The petition adequately alleged a cause of action against the defendant for the wrongful, unlawful, willful, malicious, and wanton destruction of the life of Jarvey Ward. Souther v. Belleau, 203 Ky. 508, 262 S. W. 619, 36 A. L. R. 956. The

allegations respecting punitive damages need not be noticed, since the defendant's insanity was a complete defense thereto, and no such damages were allowed. By an amended petition, the plaintiff produced and filed a certified copy of an order of the Pike county court showing his appointment and qualification as administrator of the estate of Jarvey Ward, deceased.

The defendant appeared "in his own proper person" and by his committee, and filed a general demurrer to the petition. At the same time, he filed a motion to require an election by the plaintiff whether he would prosecute the action under section 4 or section 6 of the Kentucky Statutes, and whether the action would be prosecuted by J. T. Ward and Sarah Ward as individuals, or by J. T. Ward as administrator. A motion was made to require plaintiff to make the petition definite and certain by stating where the plaintiff's intestate, Jarvey Ward, died. The circuit court overruled the demurrer and the motion to elect, but ordered the action to proceed in the name of the personal representative. The motion to require the plaintiff to state where his intestate died was overruled. A motion to strike out certain items of special damage pleaded in the petition was sustained in part and overruled in part. The defendant then filed an answer consisting of four separate paragraphs. The first was a traverse of the averments of the petition, the second interposed a defense based on the insanity of the defendant, the third presented an affirmative plea of self-defense, and the fourth consisted of a simple averment that the death of Jarvey Ward occurred in the state of West Virginia, and that the plaintiff had no capacity to sue. A motion was filed by plaintiff to require defendant to elect between his inconsistent defenses, but it was withdrawn, and the affirmative allegations of the answer were traversed of record.

We have stated very fully the scope and effect of the pleadings to demonstrate the fallacy of the argument that no cause of action was stated in the petition. The capacity in which the plaintiff was proceeding was manifest, and the order of the court in that respect removed all reason for further cavil. 24 C. J., sec. 2065, p. 821. Bowler v. Lane, 3 Metc. 311; Chesapeake & O. Ry. Co. v. Case, 158 Ky. 594, 165 S. W. 968; Quinn's Adm'r v. Newport News & Mississippi Valley Co., 22 S. W. 223, 15 Ky. Law Rep. 74.

The defendant was advised by the pleadings of the character of the case, and of the facts he would be required to combat; the capacity in which the plaintiff sued was defined, and the persons for whose benefit the recovery was sought were disclosed. The allegations of the pleadings were adequate to enable the court to try the case correctly, and to pronounce an appropriate judgment that would constitute a complete bar to any further litigation based upon the same cause of action. When such conditions concur, the purpose of pleading has been realized [Strong v. L. & N. R. Co. 240 Ky. 781, 42 S. W. (2d) 11, decided October 30, 1931], and the defendant could not have been prejudiced by the fact that the petition was not a work of art. Giltner v. McCombs Producing & Refining Co., 190 Ky. 601, 228 S. W. 8; City of Princeton v. Baker, 237 Ky. 325, 35 S. W. (2d) 524.

The fact that Jarvey Ward died in another state was immaterial. He was domiciled in Pike county where he was shot, and the county court of that county had jurisdiction to appoint the administrator. Ky. Stats., sec. 3894 and section 4849. Chesapeake & O. R. Co. v. Ryan's 183 Ky. 428, 209 S. W. 538; Hall's Adm'r v. L. & N. R. Co., 102 Ky. 480, 43 S. W. 698, 19 Ky. Law Rep. 1529, 80 Am. St. Rep. 358; Jacob's Adm'r v. L. & N. R. Co., 10 Bush, 263; Louisville & N. R. Co. v. Shumaker's Adm'x, 112 Ky. 431, 53 S. W. 12, 21 Ky. Law Rep. 803; Young's Adm'r v. L. & N. R. Co., 121 Ky. 483, 89 S. W. 475, 28 Ky. Law Rep. 451; Walter's Adm'r v. Ky. Traction & Terminal Co., 206 Ky. 100, 266 S. W. 887.

The next complaint is that the trial court erred in the admission of evidence for the plaintiff. The criticism is addressed to the testimony of several witnesses detailing the conduct of Hilliard Phillips for two or three days preceeding the occasion upon which Jarvey Ward was shot. The evidence described acts of Hillard Phillips very similar to his conduct at the time of the shooting, and explained the purpose actuating him when he shot Ward. It had a bearing on the issue of self-defense. When the testimony was admitted, there was an issue also as to the sanity of Phillips, and, after that fact was conceded, a motion was made to exclude the particular testimony. But the court properly overruled the motion, and permitted the evidence to remain with the jury. It concerned the conduct of Phillips

leading up to the final fatal shooting, and was pertinent, relevant, and material on the remaining issues which the jury had to determine. An insane person is liable civilly for his torts to the same extent as a sane person, except that punitive damages may not be allowed; and such persons are not liable for torts in which the gravamen of the action is malice, such as slander, libel, and malicious prosecution. 14 R. C. L., sec. 51, p. 596; 32 C. J., sec. 545, p. 749; Irvine v. Gibson, 117 Ky. 306, 77 S. W. 1106, 25 Ky. Law Rep. 1418, 111 Am. St. Rep. 251, 4 Ann. Cas. 569; Young v. Young, 141 Ky. 76, 132 S. W. 155; Chesapeake & O. Ry. Co. v. Francisco, 149 Ky. 307, 148 S. W. 46, 42 L. R. A. (N. S.) 83.

Although no punitive damages could be awarded against the lunatic, it was nevertheless necessary for the plaintiff to prove the facts showing the commission and consequences of the tort, and that the lunatic did not act in self-defense as was claimed. The defendant tendered the issues made by a traverse and a plea of self-defense, and it was competent for the litigants to adduce every fact bearing on the issues presented. 32 C. J. sec. 639, sec. 640 and sec. 614, pp. 786 and 787; Young v. Young, supra.

The rules of evidence are not different when the defendant is an insane person. Since the evidence complained of was plainly admissible under the issues when the defendant is a sane person, it is equally competent on the same issues when the defendant happens to be an insane person.

Complaint is made that the trial court refused to give two instructions offered by the appellant. One of the rejected instructions covered the defendant's theory of self-defense, and the other directed the jury to consider the insanity of the defendant in mitigation of actual or compensatory damages. The instructions were properly refused. The defendant's right of self-defense was accurately defined in an instruction given to the jury. The difference in the two instructions consisted in the degree of danger apparent to the defendant against which he could defend himself by killing his adversary, and the one given the jury contained the correct criterion for its guidance.

The instruction given the jury advised "that if Phillips shot Jarvey Ward at a time when he believed and had reasonable grounds to believe that he was then and there in danger of death or the infliction of some

great bodily harm at the hands of Ward, or other person acting with him, and it was believed by the defendant in the exercise of a reasonable judgment, to be necessary to shoot Ward to avert that danger, real or to him apparent," he would be justified in shooting. Hobson, Blain and Caldwell on Instructions to Juries, sec. 758, p. 921; Roberson's New Kentucky Criminal Law and Procedure, sec. 302; Duke v. Com., 191 Ky. 147, 229 S. W. 122; Sain v. Com., 193 Ky. 221, 235 S. W. 368; Jennings v. Com., 235 Ky. 391, 31 S. W. (2d) 622; Morgan v. Com., 228 Ky. 432, 15 S. W. (2d) 273; Caudill v. Com., 239 Ky. 712, 40 S. W. (2d) 334.

The insanity of a defendant excuses him from the infliction of punitive damages, but it does not mitigate compensatory damages that may be allowed for injuries caused by him. Obviously the actual damages inflicted upon the plaintiff could not be lessened by the insanity of the tort-feasor.

Several criticisms are leveled at the other instructions to the jury given by the trial court. The first and second instructions were as follows:

"If you shall believe from the evidence in this case that the defendant, Hillard Phillips, wrongfully, willfully, or maliciously and not in his necessary or apparently necessary self-defense, either while sane or insane, shot and killed Jarvey Ward, the law is for the plaintiff and you will so find."

"If you find for the plaintiff you will award him such a sum in damages as will reasonably and fairly compensate the estate of Jarvey Ward for the destruction of said Jarvey Ward's power to earn money, after he should become twenty-one years of age, so the amount so found, if anything, does not exceed $50,000.00, the amount claimed in the petition."

The argument is that the instruction permitted a recovery if the defendant acted wrongfully, willingly, or maliciously in shooting Ward, when the defendant was so insane as to be incapable of willful or malicious conduct. But if the defendant shot and killed Ward when it was not necessary in defense of himself, he was liable for the civil consequences, and he could not complain that the instruction was more favorable to him than

was justified by the law. The instruction was not prejudicial to the appellant. Young v. Young, supra.

The limitation in the second instruction which confined the damages to the estate of Jarvey Ward for the destruction of his power to earn money to the period of expectancy following his arrival at twenty-one years of age was erroneous. In cases of personal injury to an infant, the damages for impairment of his power to earn money are divided so that his parents may recover for the loss of services until the maturity of the infant, and the injured person may recover the damages thereafter accruing. But in death cases, the whole damage is to estate, and the measure of it is fair compensation for the total destruction of the power to earn money. In death cases there is no cause of action in favor of the parents of an infant for loss of his services during the period of minority. Gregory v. Illinois Cent. R. Co., 80 S. W. 795, 26 Ky. Law Rep. 76; Howard's Adm'r v. Hunter, 126 Ky. 685, 104 S. W. 723, 31 Ky. Law Rep. 1092; Monahan v. Clemons, 212 Ky. 504, 279 S. W. 974; General Refractories Co. v. Mozier, 235 Ky. 252, 30 S. W. (2d) 952.

But the error was in favor of the appellant, and such errors afford no basis for complaint on behalf of the party favored. Louisville & N. R. Co. v. Snow's Adm'r 235 Ky. 211, 30 S. W. (2d) 885; Vincennes Bridge Co. v. Poulos, 234 Ky. 243, 27 S. W. (2d) 952.

The self-defense instruction is criticized, but the complaint has been disposed of in discussing the instructions offered by the appellant and rejected by the court. The standard of reasonableness which dominates the right of self-defense does not vary. If the defendant could not exercise a reasonable judgment, the civil consequence must be borne by him, and not by his innocent victim. The criticisims of the instructions are lacking in substantial merit.

It is argued that a peremptory instruction should have been given because it was not shown by a doctor that Jarvey Ward died as a result of the wound inflicted by appellant. The character of the wound, and the consequences thereof, were fully described, and the record leaves no room for the assumption that the shooting was not the cause of the death. The fact could be proven by witnesses with knowledge thereof, and the testimony of an expert was not indispensable. Pacific Mutual Life Ins. Co. v. Cash, 224 Ky. 292, 6 S. W. (2d) 239.

Finally, it is argued that the amount of damages fixed by the jury was excessive. The rule is that this court will not reverse a judgment for damages because of excess, unless the amount awarded is so disproportionate to the actual loss as to strike the mind at first blush as the product of passion and prejudice on the part of the jury. West Ky. Coal Co. v. Shoulders' Adm'r, 234 Ky. 427, 28 S. W. (2d) 479, 480.

Jarvey Ward was nineteen years of age, in good health, and possessed of a substantial earning power. His expectancy was almost thirty-five years. He had earned as much as $4 per day, and was a trustworthy and capable young man. His knowledge of farming and mining, and his potential ability to earn money, were such that it is impossible to say that the estate did not lose by his death as much as the jury awarded. Certainly there is nothing in the record to indicate that the jury was actuated by prejudice or passion in assessing damages.

The recent review of the cases in West Ky. Coal Co. v. Shoulders' Adm'r, supra, renders it unnecessary to repeat the reasoning that constrains us to sustain the verdict of the jury in this instance. Cf. Ashland Sanitary Milk Co. v. Messersmith's Adm'r, 236 Ky. 91, 32 S. W. (2d) 727, and Big Sandy & Cumberland R. Co. v. Measell's Adm'r, 240 Ky. 571, 42 S. W. (2d) 747, decided March 20, 1931.

A careful examination of the record, and a patient consideration of the able argument for the appellant, fails to disclose any ground for disturbing the judgment of the circuit court.

The judgment is affirmed.